HILSENHOFF, Appellant, vs. FASS and others, Respondents.

*January 15—February 3, 1914.*

*Master and servant: Injury from unguarded machinery: Contributory negligence as a defense: Special verdict: Finding construed: Instructions to jury.*

1. Ch. 396, Laws of 1911, amending sec. 1636jj, Stats., so as to make the duty of an employer to guard dangerous machinery an absolute one, did not abolish the defense of contributory negligence.

2. In an action for injuries to an employee whose fingers were cut off by unguarded revolving knives of a jointer machine which he was operating, a finding by the jury that want of ordinary care on the part of plaintiff proximately contributed to cause the injury is *held* not to have been merely a finding of assumption of risk.

3. In the light of the evidence—showing that before the injury plaintiff removed from the machine a guard which had been provided by defendants, and that the exposure of a large portion of the knives was caused by the manner in which he operated the machine—the charge to the jury, taken as a whole, is *held* not to have been misleading, but to have made it plain that plaintiff could be found guilty of contributory negligence only in case he was so negligently operating the machine as to contribute to his injury.

APPEAL from a judgment of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge. *Affirmed.*

Action to recover for personal injuries.    The plaintiff, on
October 17, 1911, while operating a jointer machine and in
the employ of the defendants, was injured.    The negligence
alleged is that the defendants failed to furnish a safe place
for plaintiff to work, failed to keep such place safe, and
failed to guard said machinery.    The jury returned the fol-
lowing verdict:

"(1) Were the knives of the jointer so located as to be
dangerous to employees in the discharge of their duty?
*A.* Yes.

"(2) If you answer question 1 'Yes,' did defendants fail
to securely guard the knives?    *A.* Yes.

"(3) If you answer question 2 'Yes,' did defendants fail
to exercise ordinary care in the manner in which they
guarded the knives?    *A.* No.

"(4) If you answer either or both questions 2 and 3
'Yes,' was such failure the proximate cause of plaintiff's in-
jury?    *A.* Yes.

"(5) Did want of ordinary care on the part of the plaint-
iff proximately contribute to cause the injury which he sus-
tained?    *A.* Yes.

"(6) What sum will compensate plaintiff for the injury
which he sustained?    *A.* $2,500."

The court directed judgment for the defendants upon the
verdict.    Judgment was entered accordingly, from which
this appeal was taken.

For the appellant there was a brief by *Gilbert & Ela,* and
oral argument by *F. L. Gilbert.*

For the respondents there was a brief by *Quarles, Spence
& Quarles,* attorneys, and *I. A. Fish,* of counsel, and oral
argument by *Mr. Fish.*

KERWIN, J.    The errors assigned are (a) in instructing
the jury; (b) in refusing to direct judgment on the verdict
for the plaintiff; (c) in refusing to set aside the verdict and
grant a new trial; (d) in ordering the complaint dismissed.

As we have seen, the jury found that the plaintiff was
guilty of contributory negligence.    Notwithstanding this

finding it is insisted on the part of the appellant that judgment should have been directed for the plaintiff upon the verdict. This contention is based upon the theory that under the law as it stood at the time of the injury the defendants were absolutely liable in case of failure to properly guard machinery. It is argued that ch. 396, Laws of 1911, takes away the defense of contributory negligence and assumption of risk, and that the answer of the jury to the fifth question in the special verdict merely amounts to a finding of assumption of risk. It is true that the defense of assumption of risk has been abolished by the existing statutes. But contributory negligence was a defense at the time of the injury in question. It is very obvious that the amendment referred to and passed shortly after the decisions of this court in *West v. Bayfield M. Co.* 144 Wis. 106, 128 N. W. 992, and *Willette v. Rhinelander P. Co.* 145 Wis. 537, 130 N. W. 853, was intended to change the rule with respect to guarding machinery from that of ordinary care to absolute duty, but did not abolish the defense of contributory negligence.

Nor can the contention of counsel that the finding of the jury was merely a finding of assumption of risk be sustained. The jury found explicitly that the plaintiff was guilty of contributory negligence. The question was fairly submitted to the jury and there is ample evidence to support it. It follows, therefore, that no judgment could be rendered in favor of the plaintiff upon the verdict, but on the contrary the defendants were entitled to judgment on the ground of contributory negligence on the part of the plaintiff.

It is further insisted by counsel for appellant that the court erred in giving the following instruction:

"If you find that the plaintiff's hand was injured on the portion of the knives which was not covered by the piece of wood which he was passing over the knives, and you further find that the machine was so set that about eleven inches of the knives were exposed between the front of the machine

and the guide at the back of the machine, then also your answer will be 'Yes.' "

The evidence shows that the plaintiff before the injury removed a guard from the machine which had been provided by defendants, and that the exposure of a large portion of the knives was caused by the manner of operation of the machine by the plaintiff. Moreover, the portion of the instructions excepted to, when read in connection with that preceding and that following, clearly could not have misled the jury. Immediately preceding the portion excepted to is the following:

"In answering this fifth question you will consider the evidence as to the guard furnished by the defendants and the knowledge of its use possessed by the plaintiff, together with all the other facts established by the testimony bearing upon this question.

"It was the duty of the plaintiff to use this guard whenever its use would have lessened the danger of accident. If you find that if the plaintiff had used the guard at the time he was injured and covered the uncovered or open portion of the knives the accident would not have happened—if that be your finding, your answer to this question must be 'Yes.' "

Following the portion of the charge excepted to is:

"If the defendants have satisfied you by a preponderance of the evidence that want of ordinary care on the part of the plaintiff proximately contributed to cause the injury which he sustained, your answer will be 'Yes,' otherwise your answer will be 'No.' "

It will be seen from the foregoing instructions that the court made plain to the jury that they could find plaintiff guilty of contributory negligence only in case they found that he was so negligently operating the machine as to contribute to his injury. We find no reversible error in the record.

*By the Court.*—The judgment of the court below is affirmed.