BAÑASZEK, by guardian *ad litem,* Appellant, vs. F. MAYER BOOT & SHOE COMPANY, Respondent.

SAME, Respondent, vs. SAME, Appellant.

*October 6—October 26, 1915.*

*Master and servant: Injury: Insecurely guarded rollers: Evidence: Sufficiency: Opinion: Special verdict: Order for judgment: Taxation of costs: Time limited: New trial as to damages only.*

1. Under secs. 1636*j* and 1636*jj*, Stats. 1911, which made the duty to securely guard dangerous machinery an absolute one, testimony of an employee that when, as the result of a sudden jerk, his fingers went through a slot in the guard and came in contact with the rollers of a machine for pressing shoe soles they were caught and drawn further in, and that a thin cast-iron strip forming the base of the guard broke and gave way, allowing his hand to be severely hurt, was sufficient to justify the jury in finding that the rollers were not securely guarded, although there was expert testimony to the effect that the guard could not be broken in the manner described.

2. A verdict, if supported by evidence, is not impeached by producing evidence which, if believed by the jury, would have supported a contrary finding.

3. Where the trial court in effect decided that its clerk had no authority to enter an order for judgment on a special verdict, and itself signed and filed a written order for judgment thereon, the date of such written order, not that of said entry by the clerk, fixed

the beginning of the sixty days within which, under sec. 2894*a*,. Stats., the prevailing party might tax his costs.

4. The plaintiff in an action for unliquidated damages cannot retain the advantage gained by a verdict in his favor and at the same time have a new trial for the purpose of increasing or adding to the damages assessed in such verdict. ｛Whether such a practice, even if authorized by statute, would be due process of law, is doubted.]

APPEALS from a judgment of the circuit court for Milwaukee county: J. C. LUDWIG, Circuit Judge.    *Affirmed.*

For the plaintiff there were briefs by *Rubin, Fawcelt & Dutcher,* attorneys, and *W. B. Rubin* and *Paul R. Newcomb,.* of counsel, and oral argument by *W. B. Rubin.*

For the defendant there was a brief by *Doe, Ballhorn & Wilkie,* and oral argument by *Harold M. Wilkie* and *J. B.. Doe.*

TIMLIN, J.    In this action by an employee against his employer grounded upon negligent injury, the plaintiff recovered judgment for $2,000 and costs for a serious injury to. his left hand, not, however, amounting to total loss or disability of the hand.    From this judgment the defendant appeals, contending chiefly that the evidence is insufficient to support the verdict, and that in any event costs should not have been taxed in plaintiff's favor because more than sixty days from the rendition of the verdict had expired when the costs were taxed.    The plaintiff appeals because he considers the damages inadequate, and attempts to raise this question by exception to the denial of his motion made below to let the verdict stand for $2,000 and grant a partial new trial for an assessment of additional damages, or in the alternative to let the verdict stand as fixing the liability of the defendant and award a new trial for the purpose of assessing damages only.

Considering first the defendant's appeal: The plaintiff was working at a machine pressing shoe soles between rollers. Between him and these rollers was a cast-iron guard, and

through a slot or opening in this, parallel with the rollers, the soles were fed into the rollers. Below this slot and part of the guard was a thin cast-iron strip forming the base of the guard and fastened to the table in front of the rollers by a screw in the middle and tied at each end with wire passing under the table. This guard had previously been broken and was repaired by an iron lug bolted and riveted to the upright and to the flat strip mentioned, but it appeared to have some looseness or play. The plaintiff's account of the injury is that, standing with both feet on the treadle in order to increase the pressure of the rollers, he was by a sudden jerk, caused probably by the rollers coming together after a piece of sole leather had passed through, thrown forward, and, extending his hands, he thrust one of them through the slot to contact with the rollers, which, seizing his fingers, drew them further in, when the guard gave way by the breaking of the cast-iron strip mentioned and allowed his hand to be severely hurt. Defendant's counsel and his expert witness do not believe that it could be possible to break the cast-iron guard in this way and present an explanation which is quite plausible and supported by evidence, although defendant's witness Herman Mueller on cross-examination shows that the break could happen in that way without the fault of the operator. But a verdict, if supported by evidence, is not impeached by producing evidence which, if believed by the jury, would have supported a contrary finding.

The question remains whether the employer furnished a secure guard. On September 1, 1911, when this injury took place, secs. 1636*j* and 1636*jj*, Stats. 1911, which made the duty to furnish such a guard absolute, were in force. *Hilsenhoff v. Fass,* 155 Wis. 628, 145 N. W. 198.

In the continual flux and change now characteristic of the statute law, this statute appears in the Statutes of 1913, with its head cut off, as sec. 1636*jj*, which refers to guarding or protecting machinery or appliances, etc., "in the manner re-

quired in the foregoing section." The foregoing section re-lates to the number of matches to be packed in a box. Ch. 223, Laws of 1913, appears to repeal sec. 1636j, which imposed the absolute duty to guard machinery, but whether any other provision of statute takes its place, or whether with the "foregoing section" repealed the duty still persists as an absolute duty, are questions not in this case and therefore not decided. But under the statute governing this case a guard which was so insecure as to fail of its purpose in the very exigency in which a guard is required might authorize the jury to find that the machinery was not securely guarded. There is evidence from an inspection of the guard itself that it is very thin, brittle, and consequently weak. We cannot accept as conclusive upon the court below or the jury or this court, opinion testimony to the effect that this guard could not be broken in the manner described by the plaintiff, viz. by having his hand drawn by the rollers behind the guard further into the feed slot or opening in the guard. For, although somewhat disguised, such conclusion is really an opinion. So we conclude that there was evidence from which the jury might find as they did, "the revolving rollers at which the plaintiff worked when he was injured were not securely guarded." There was also evidence from which the jury were authorized to find that the plaintiff at the time of his injury was performing his work in the usual manner.

On defendant's second point it appears that after the special verdict there were motions in writing on the part of the plaintiff and on the part of the defendant and that the court heard and denied these several motions on July 30, 1914. He signed no written order on that day, but the clerk entered in the clerk's record book, apparently on his own motion, the following: "July 30, 1914. The court now being fully advised in the premises renders decision in open court, orders: that the motion for a new trial be denied and that the motion for increase of damages be denied. The court further *or-*

*dered* that judgment be *ordered* for the plaintiff for $2,000 damages as found by the special verdict." On October 14, 1914, the circuit judge, by an order in writing signed and filed on that day, ordered that the plaintiff have judgment on said verdict for the sum of $2,000 with interest and costs.

In *Dresser v. Lemma,* 122 Wis. 387, 100 N. W. 844, and cases therein cited, the rule was established that sec. 2894*a* relates only to verdicts upon which the clerk of the court has authority to prepare and enter the proper judgment, hence not to special verdicts, at least until after the court makes an order for judgment thereon. The clerk could not give himself authority, where he otherwise had none, by any entry in his record book not the act of or in pursuance of the order of the circuit judge. The latter having signed the subsequent order in writing on October 14, 1914, and having approved the allowance of costs which were taxed more than sixty days after July 30, 1914, by doing so in legal effect decided that the clerk had no authority to enter judgment on this verdict until on or after October 14, 1914. It is noticeable that the clerk's entry itself by implication anticipates the necessity or the probable making and filing of a written order at some later time, for it says, "ordered that judgment be ordered for the plaintiff."

We believe it is the general practice to have an order in writing signed and filed in case the motion for judgment on a special verdict is either granted or denied. It is only by construction that special verdicts are included at all in sec. 2894*a,* that section being limited, as we have seen, in case of verdicts, to a verdict upon which the clerk is authorized to enter judgment. So where the circuit court by his rulings repudiates the notion that the clerk's entry was his act in ordering judgment and enters instead a written order duly signed and filed, the latter must be taken to set the sixty days running within which the prevailing party must tax his costs.

The plaintiff plants his appeal on very novel grounds.

Notwithstanding its novelty, the plaintiff's counsel appears to be quite serious in his presentation of and insistence upon a right to hold fast to the verdict wherever it favors him and to set it aside and have a new trial of the remaining questions in the action so far as the verdict is adverse to him. But the damages in an action for negligence are entire and indivisible and cannot be split up so as to form a basis for several trials. Indeed the splitting up of entire demands so that a man may institute several actions where one would suffice is forbidden, whether these demands arise on contract or grow out of tort. This is too elementary to require citation of authority to support it. It may well be doubted whether, even if authorized by statute, it would be due process of law to permit the plaintiff, in an action for unliquidated damages, to retain the advantage gained by the verdict and at the same time have one or more new trials for the purpose of increasing or adding to the damages first awarded. This might deprive the defendant in such new trial of the benefit of many items of evidence proper to be considered by the jury in mitigation of unliquidated damages. It would also impair or destroy the finality of verdicts and of judgments founded thereon. Besides, the amount of the verdict here is not so low as to indicate bias, passion, prejudice, or perverseness on the part of the jury. Between this amount awarded and the higher amount expected by plaintiff, honest men might reasonably differ with regard to its adequacy as compensation. The plaintiff's motions were properly denied, and the judgment must be affirmed on both appeals.

*By the Court.*—It is so ordered, neither party to recover costs, except that the defendant pays the clerk's fees.