SCHMIDT, Respondent, vs. LEARY, Appellant.

*December 5, 1933—January 9, 1934.*

For the appellant there was a brief by *Sanders & Mc-Cormick* of Milwaukee, and oral argument by *A. J. Sanders*. *Andrew W. Brunhart* of Milwaukee, for the respondent.

FOWLER, J.   The defendant claims that the trial court erred (1) in changing the jury's finding that the plaintiff's husband was her agent in driving the car; (2) in not imputing to the plaintiff the negligence of her husband; and (3) in not holding that the plaintiff is barred from recovery because as matter of law the negligence of her husband that contributed proximately to cause the plaintiff's injuries was at least equal to the negligence of the defendant that so contributed.   The plaintiff moves to review (4) the ruling of the court denying her motion to increase the award of damages made by the jury to the minimum which "an unprejudiced jury would have found upon the uncontradicted evidence" and giving the defendant the option to consent to entry of judgment for such amount or submit to a new trial on the question of damages only.

(1) We are of opinion that the trial court was not justified in changing the finding of the jury that the plaintiff's husband was driving the car as her agent.   The plaintiff owned the car.   It was purchased for use in the conduct of her business as a licensed masseuse.   While it was not being used at the immediate time in the prosecution of or in connection with such business, it is not necessary to constitute agency that it was being so used.   It is sufficient that it was being used for her pleasure.   The jury were justified in believing from the evidence, if indeed they would have been

justified in finding otherwise, that the plaintiff was as much interested in the trip as her husband; that the trip was taken as much for her pleasure as her husband's. That the driver of an automobile is equally interested with another in a particular trip does not prevent him from being the agent of the other. *Gehloff v. Kandler,* 204 Wis. 464, 234 N. W. 717. The plaintiff as the owner of the car had the right to control the actions of the driver in driving it on the trip, whether she had occasion to exercise it or not. Ownership of a car is *prima facie* evidence that the driver is acting as the owner's agent in driving it. *Edwards v. Kohn,* 207 Wis. 381, 241 N. W. 331; *Enea v. Pfister,* 180 Wis. 329, 192 N. W. 1018; *Brown v. Haertel,* 210 Wis. 352, 244 N. W. 633.

(2) When the driver of an automobile is driving it as the agent of the owner, the negligence of the driver in driving it is imputed to the owner. *Gehloff v. Kandler, supra; Brown v. Haertel, supra.* In the *Brown Case* the husband was riding in his car which was being driven by his wife. The opinion states:

"While the record does not disclose tangible evidence from which it can be determined whether the car was driven by Marion Brown (the wife) upon his business so that, while driving the car, she was acting as his agent, upon the doctrine of *Enea v. Pfister, supra,* it must be so held. Her negligence is therefore imputable to him."

In these days of equality of rights between husband and wife, the wife is liable for her husband's negligence in driving her car just as the husband is for the wife's negligence in driving his.

(3) It is stated in effect in *Brown v. Haertel, supra,* and *McGuiggan v. Hiller Brothers,* 209 Wis. 402, 245 N. W. 97, that circumstances may perhaps exist under which a court can properly rule as matter of law that the negligence of one of the parties involved is equal to that of the other. In

the latter case it is stated that the instances in which a court can so rule "will be extremely rare, and will ordinarily be limited to cases where the negligence of each is of precisely the same kind and character." It is contended by appellant that the negligence of the plaintiff's driver here found is in three particulars precisely the same as that of the defendant, and that as the plaintiff's driver was found negligent in a manner in which the defendant was not negligent, his negligence must necessarily be not only equal to but greater than that of the defendant. But while the three particulars in which the parties were found negligent are designated in the same way in the verdict, the degrees of the negligence of the parties in the several particulars may have differed widely, and the total negligence of the defendant may thus have exceeded that of the plaintiff's husband. The defendant's want of vigilance as to lookout may have been greater than that of plaintiff's husband; his speed may have been greater; his want of care in controlling his car may have been greater; he may have entered the intersection last; he was approaching from plaintiff's left.

We are of opinion that the trial court should have submitted to the jury the question of the comparative negligence of the two drivers, and a new trial must be had for the determination of that question.

(4) In passing upon the plaintiff's motion to review the learned trial judge said:

"While a higher award for plaintiff's injuries and loss of earnings might have been supported, the amount of the jury's award is not so low as to indicate bias, passion, prejudice, or perverseness."

This is equivalent to saying that in his judgment the award of the jury was not improper. If it was not improper no reason exists for interfering with it. The trial judge was in a better position than we are to judge whether, and if so how much, the plaintiff's individual items of damage

should be discounted, and we are of opinion that his judgment should not be disturbed.

The recent case of *Risch v. Lawhead,* 211 Wis. 270, 248 N. W. 127, is relied on by the plaintiff in support of its contention that its motion should have been granted. The order of the circuit court that was upheld in that case was made because the trial judge considered that the award of the jury was so small as to indicate "prejudice" on the part of the jury. As the trial judge here considered the verdict was not so small as to indicate prejudice, the ruling of that case is not in point.

The plaintiff's counsel urges that a statement be withdrawn in the opinion in *Banaszek v. F. Mayer B. & S. Co.* 161 Wis. 404, 154 N. W. 637, which he claims is to the effect that a plaintiff cannot have a verdict stand so far as it fixes liability and have a new trial upon the question of damages alone. The statements made in that opinion must be considered in connection with the facts involved which induced them. The plaintiff there moved that the assessment of $2,000 damages made by the jury stand as *part* of his recovery and he have a partial new trial for assessment of an *additional amount,* or in the alternative that the findings of the jury as to liability stand and he have a new trial for a reassessment of his damages only. The first part of his motion was utterly without support in reason. The opinion states in reference to it that "damages are entire and indivisible and cannot be split up so as to form a basis for several trials," and the general statements made in the opinion may be considered as directed to the proposition that such "splitting" cannot be permitted. The *Banaszek* and the instant cases are alike in that in both "the amount of the verdict is not so low as to indicate bias, passion, prejudice, or perverseness on the part of the jury," and the award in that case was properly upheld and in this should be.

As the question of plaintiff's total damages was correctly determined by the jury there will be no need on the retrial

to resubmit those questions. Nor will there be need to submit any question as to plaintiff's individual negligence. She committed no act of affirmative negligence. Her conduct in no way added to the negligence of her husband. The only negligence involved in causing the collision and plaintiff's consequent injuries was the negligence of the two drivers. The only questions for submission, therefore, will be such as are necessary to determine the comparative negligence of the two drivers.

*By the Court.*—The judgment of the circuit court is reversed, and the cause remanded for further proceedings in accordance with the opinion.