PETERS, Administratrix, Respondent, vs. CHICAGO, MIL-
WAUKEE, ST. PAUL & PACIFIC RAILROAD COMPANY
and others, Appellants.

*December 7, 1938—February 7, 1939.*

300

For the appellants there were briefs by *Bender, Trump & McIntyre* of Milwaukee, and oral argument by *Rodger M. Trump*.

*M. E. Davis* of Green Bay, for the respondent.

ROSENBERRY, C. J. The sole question for determination here is whether the negligence of the deceased was equal to or greater than that of the defendant. In the decision made in response to motions after verdict, the trial court correctly analyzed the case. It said:

"My view of the case is that the deceased was on one side of the railroad track and his cattle were on the other. In order to protect his cattle he tried to get across to their side and failed. Or if this is not correct, then he attempted to cross the tracks without first looking for oncoming cars. If he saw the car coming and attempted to cross the tracks, surely he was grossly negligent in jumping in front of an oncoming car. If he attempted to cross without first looking before he entered upon the tracks, then he was guilty of negligence, and our supreme court in case after case has called this clear and plain inadvertence, a total failure to exercise care in any degree."

The trial court, however, was of the view that the matter was for the jury and so it is in ordinary cases of comparative negligence. Where, however, it appears that the negligence of the plaintiff is as a matter of law greater than that of the defendant, it is not only within the power of the court but it is the duty of the court to so hold. As has already been pointed out in previous decisions instances of this kind are rare. Here it clearly appears that the causal negligence of

the deceased was equal to and greater than that of the defendant. *Kilcoyne v. Trausch* (1936), 222 Wis. 528, 269 N. W. 276. See also *Zenner v. Chicago, St. P., M. & O. R. Co.* (1935) 219 Wis. 124, 262 N. W. 581; *Lese v. Chicago & N. W. R. Co.* (1913) 154 Wis. 547, 143 N. W. 676; and *Hustad v. Evetts, ante,* p. 292, 282 N. W. 595.

There are some considerations which must be taken into account in addition to those stated by the trial court. All of the circumstances indicate that Peters must have crossed the railroad tracks going to the westerly gate only a very few moments before the accident. At that time the Ford car was stopped at the crossing eleven hundred to twelve hundred feet to the south. We are bound to assume that Peters did his duty and looked both north and south before he crossed. If he did he must have seen the car. Occupants of the car did not see him. They all so testify. He apparently opened the western gate intending to get back to the easterly side of the tracks before the car approached. The day following the accident photographs of the place in question were taken which all of the witnesses agree are accurate. While there was some brush on the westerly side of the right of way, it is without dispute that there was a clear space ten to twelve feet west of the west end of the ties. This was ample space in which a pedestrian might observe whether a car was approaching from the south. From that point to the tracks the view was entirely unobstructed. The fact that Peters was struck by the right hand or easterly side of the car indicates that he nearly cleared the crossing. The evidence is that he was moving fast. As the trial court said, whether he failed to look or whether he attempted to make the crossing ahead of the car, he was guilty of a total failure to exercise care in any degree. *Waitkus v. Chicago & N. W. R. Co.* (1931) 204 Wis. 566, 236 N. W. 531, 237 N. W. 259.

When we consider the negligence of the defendant's employees we fail to find any direct evidence to sustain the jury's

finding upon that point. It is argued that the presence of the cattle should have led the employees of the defendant to suspect the presence of the owner, and on the basis of that suspicion they were negligent in not giving warning by blowing the horn. The reason given for the failure of the driver to blow the horn was that the sound of the horn might startle the cattle, as a result of which they might attempt to cross the track. Even if the occupants of the car had known that the owner of the cattle was somewhere in the vicinity, they had a right to assume that he would not go upon the tracks without first stopping to look and listen until he did something that indicated a contrary intention on his part. When they did see him, it was too late to signal or to avoid the accident. The point where the accident happened was an ordinary farm crossing. There were no planks between the rails and there were shallow ditches on each side of the tracks. The statute imposed no duty to sound a warning at that point. Even if it should be held that there was some want of ordinary care on the part of defendant's employees, it was comparatively slight. As to lookout, the evidence discloses that the driver and Mr. Buechler who occupied the seat with him saw everything that was to be seen. Mr. Buechler at the instant Peters became visible yelled. The driver of the car stopped it as soon as it was possible to stop it but too late to avert the tragedy.

We can arrive at no other conclusion upon the evidence in this case than that the negligence of the plaintiff was equal to or greater than that of the defendant.

*By the Court.*—The judgment appealed from is reversed, and cause remanded with directions to dismiss the complaint.