HASKINS, Appellant, vs. THENELL and others, Respondents.

*June 6—June 21, 1939.*

98

For the appellant there were briefs by *Everson, Ryan & Hanaway* of Green Bay, and oral argument by *E. L. Everson*.

For the respondents there was a brief by *North, Bie, Duquaine, Welsh & Trowbridge* of Green Bay, and oral argument by *F. N. Trowbridge*.

On the motion for rehearing a brief was also filed by *Alfred E. La France* of Racine, as *amicus curiæ*.

NELSON, J. (*on rehearing*). On February 7, 1939, the judgment was affirmed without opinion. Thereafter, upon plaintiff's motion a rehearing was granted. The case has been reargued. It is our opinion that the trial court should have granted the plaintiff's motion for a new trial, not because the verdict as rendered was necessarily contradictory or

inconsistent or necessarily perverse, but because, under the facts adduced, a vital and important issue was not submitted to the jury.

The jury found both the plaintiff and the defendant negligent in the same respects, and that the negligence of each of the parties in the respects found was a natural cause of the collision. In its supplemental decision the trial court was obviously of the view that in such a situation the jury was not warranted in attributing forty per cent of the total causal negligence to the plaintiff and sixty per cent thereof to the defendant. In view of the holding of this court in *Schmidt v. Leary,* 213 Wis. 587, 252 N. W. 151, and in the very recent case of *Hansberry v. Dunn,* 230 Wis. 626, 284 N. W. 556 (decided subsequent to the decision of the trial court), we are of the opinion that the trial court misconceived the law when it felt compelled to change the answers of the jury and order that the complaint be dismissed.

But regardless of that error, we are of the opinion that a new trial should have been granted because a vital issue was not submitted to the jury. The collision occurred in the nighttime on Highway No. 57 in Brown county. That highway is paved with concrete twenty feet wide. From the place of the accident the highway is straight for a distance of at least a half mile in each direction. The plaintiff was the sole occupant of his automobile and was driving toward Green Bay, in a southerly direction. The defendant was likewise the sole occupant of his automobile and was driving toward Sturgeon Bay, in a northerly direction. The collision occurred at the center of the highway and at a time when each of the automobiles was being turned to the left. The respective automobiles were badly damaged on their right fronts. The plaintiff testified, in substance, on both direct and cross-examination, that he was operating his automobile on his side of the road; that he observed the lights of the defendant's automobile when it was approximately a mile away; that

when the defendant was within six or seven hundred feet of the plaintiff he was operating his automobile close to the black line; that thereafter, the defendant gradually angled back toward his side of the road; that when the defendant was possibly forty to sixty feet from him he angled toward him and then turned abruptly in front of him; that he put on his brakes; got control of his car as quickly as he could and turned to the left to avoid hitting the defendant; that he did not at any time turn to the right or go off on the hard shoulder alongside of the concrete because it was not necessary; that when the defendant cut directly to the west he cut directly to the east. The defendant, on the other hand, testified that he observed the lights of the plaintiff's approaching automobile and believed they were on his side of the black line and that he did not realize that there was any danger of an accident until he approached within sixty to sixty-five feet of the plaintiff's automobile. He then thought that he was going to get hit head on and wheeled his car sharply to the left and was cracked on the right-hand side of his car. He further testified that he was on his right-hand side of the black line before he turned to the left to avoid a collision.

Under this testimony, the question as to who first turned to the left and created a situation which might reasonably be regarded by the jury as an emergency, was, in our opinion, of vital importance. If the jury believed the testimony of the plaintiff, the inference would be permissible that the defendant first turned his automobile toward the plaintiff's automobile which was on its proper side of the road and permitted the plaintiff to act as in an emergency. If, on the other hand, the plaintiff's automobile was being driven along the highway on its wrong side of the road, as testified to by the defendant, then the defendant was permitted to act in that situation as in an emergency.

Questions, substantially in the following form, if submitted to a jury, duly answered and supported by evidence,

would remove all doubts as to what happened immediately before the collision:

*Q.* As the two automobiles were approaching each other and before either of them was turned to its left,—

(a) Did the plaintiff, Haskins, negligently operate his automobile on defendant's side of the road?

(b) Did the defendant, Thenell, negligently operate his automobile on plaintiff's side of the road?

*Q.* Which of the parties, if either, first turned into or toward the roadway of the other? *A.* (Write in the name of such party.)

When these questions, in addition to those relating to look-out and control, are submitted and duly answered, together with proper questions relating to causation, the trial court should have no difficulty in determining liability.

*By the Court.*—Former judgment vacated. Judgment reversed, and cause remanded with directions to enter an order granting a new trial.

FRITZ and WICKHEM, JJ., dissent.