ERNST, Administratrix, Respondent, vs. KARLMAN and another, Appellants.

*February 10—March 9, 1943.*

For the appellant the cause was submitted on the brief of *Genrich & Genrich,* attorneys, and *Herbert L. Terwilliger* of counsel, all of Wausau.

*Frank E. Hebert* of Tomahawk, for the respondent.

FOWLER, J. The case involves a collision between a trailer truck loaded with pulpwood driven by an employee of the defendant Paper Company and an automobile driven by the plaintiff's intestate, who died from the injuries received in the collision and did not recover consciousness. The truck driver was the only eyewitness of the collision. The truck was traveling south and the car north. The collision occurred about two hundred feet north of a sharp curve in the road. At the curve the roadbed sloped somewhat from the outside in, and the curve was toward the southeast. The improved part of the road was twenty-six feet wide and surfaced with blacktop to a width of twenty-one feet and at and near the place of the collision was covered with packed snow that was very slippery and the greater part of the travel at the point of the curve was on the easterly or inside half of the road.

The complaint alleges that the intestate's death was caused by negligence of the truck driver. The jury by special verdict found that each driver was causally negligent for operating his vehicle on the left or wrong side of the road and that neither was negligent as to lookout nor control of his car. No other ground of negligence was submitted as to either driver. The jury also found that the drivers were equally contributorily negligent.

The verdict included a question (5) to the effect that if both drivers were found to be invading the left half of the road "Which if either first turned into or toward the roadway of the other?" This question was not answered by the jury. When the verdict was returned into court the trial

judge inquired: "Couldn't you agree upon an answer as to question number (5)?" To which the foreman answered: "No, we could not." The verdict was received without further colloquy and the jury discharged. A blank space was left in the verdict after question (5) with written direction in connection to write therein "the name of the driver." The defendants had moved for a directed verdict, which was denied, and after return of the verdict moved for judgment thereon dismissing the complaint. The plaintiff by motion after verdict moved for change of all answers of the verdict adverse to her and for judgment on the amended verdict for damages as assessed by the jury, and for a new trial, if this motion were denied. The court denied all motions after verdict and ordered a new trial in the view that under the decision of this court in *Haskins v. Thenell,* 232 Wis. 97, 286 N. W. 555, question (5) was necessary in order to enable the court to determine whether the jury correctly answered the question as to the comparative negligence of the drivers.

We are of opinion that the evidence does not support the finding of the jury that the truck driver negligently invaded the other driver's half of the road, but does support the finding that the deceased was negligent in that respect. But as the jury found that the deceased's negligence equaled that of the truck driver, and this under the comparative-negligence statute, sec. 331.045, Stats., entitled the defendants to a judgment of dismissal on the verdict, no useful purpose would be served by detailing the evidence as to the conduct of the drivers, and we pass directly to consideration of the defendants' claimed right to dismissal of the complaint on the verdict as returned by the jury.

It was the opinion of the trial judge that in every case of head-on collision involving evidence requiring submission to the jury inquiries whether each driver invaded the other's half of the road the rule of the *Haskins Case, supra,* requires submission of the questions therein suggested and herein submitted. While it may seem at first blush that this view is

correct, it does not follow. The thing for which insertion of the questions proposed in the *Haskins Case* was directed is that one of the parties was found sixty per cent negligent and the other forty per cent, and there was nothing in the evidence which showed one party to be more negligent than the other. If we should assume that in the *Haskins Case* the court correctly ruled that the case should be reversed for determination of the questions there suggested there was no occasion to submit herein question (5) of the instant verdict because the facts that caused the ruling of the *Haskins Case* are here absent. Neither party was herein found more negligent than the other. Herein only one driver testified and the evidence on which the jury found both parties negligent as to being off side was entirely different. We therefore conclude that there was here no occasion to include question (5) to which the jury returned no answer; the verdict was complete without it, and sufficient as returned without its being answered. Judgment should therefore have been entered on the verdict as returned by the jury.

It is to be noted that Mr. Justice FRITZ and Mr. Justice WICKHEM recorded a dissent in the *Haskins Case, supra.* The writer is not able to recall or to perceive why he did not also note a dissent, and he and the court are now able to perceive reasons why the ruling in that case was erroneous. It directed a cross-examination of a jury for determination of a mere evidentiary fact, determination of which would be likely to result in vitiating the verdict returned. If which driver turned left first under the circumstances of that case was vital, it was not a vital issue of ultimate fact. Vital issues of ultimate fact are fixed by the pleadings and only those so fixed should properly be submitted. The point that the added question proposed in the *Haskins Case* was conceived as covering could properly have been covered by instructions in connection with the question as to comparative negligence. That point was that the one who turned left first created an emergency. This appears from the opinion. The questions proposed in the

*Haskins Case* invited an inconsistent verdict. These questions in effect were: (1) Did the defendant *negligently* turn left toward plaintiff's half of the road; (2) Did the plaintiff *negligently* turn left toward defendant's half of the road? If you answer questions (1) and (2) "Yes" answer (3): Which party turned left first? If the jury found that both parties negligently invaded the path of the other a finding that one first turned left would contradict the finding that the other *negligently* invaded the other's path, in view of the fact that the reason for submitting question (3) above (question (5) of the verdict in the instant case) was that a finding that one of the parties first turned left would establish that such party created an emergency that justified the other party's left turn and relieved him from negligence in that respect and thereby absolved him from negligence in so turning. A proper statement of the emergency rule, predicated on the fact of which party first turned left, would have given that fact its proper effect. This would have avoided the inconsistency above pointed out involved in directly finding that one or the other turned first left. The question proposed in the *Haskins Case* was also faulty for not covering the contingency that the jury might find that neither turned first and directing writing in the word "neither" in such contingency. This court in the *Haskins Case* seems to have failed to perceive that the trial court could have given the fact of who turned first, if either, its proper effect by an instruction to the jury and that the fault of the trial court, if any, was in not adequately instructing the jury in connection with the comparative-negligence question. We should, in the *Haskins Case,* if we deemed justice required a retrial of the case, have reversed the judgment for that reason under sec. 251.58, Stats., and directed a new trial to permit the giving of such instruction. The *Haskins Case* is overruled so far as it directed submission of the questions proposed in the opinion upon retrial.

*By the Court.*—The order of the circuit court directing a new trial is reversed, and the cause is remanded with direc-

tion to vacate its order for a new trial and enter judgment of dismissal.