HEINE, Respondent, vs. OSWALD JAEGER BAKING COMPANY
and another, Appellants.*

*January 9—February 5, 1957.*

* Motion for rehearing denied, with $25 costs, on April 9, 1957.

For the appellants there was a brief and oral argument by *George D. Young* of Milwaukee.

For the respondent there was a brief and oral argument by *Alvin L. Zelonky* of Milwaukee.

WINGERT, J. The judgment must be reversed, for the reason that on the facts disclosed by the record, the negligence of the plaintiff was at least as great as that of Klein as a matter of law.

In reaching this conclusion, we accept the findings that the double parking of the truck constituted negligence as a matter of law, and that such negligence was a cause of the accident, and we do not pass upon appellants' challenge of those findings.

Winnebago street was a busy street with streetcar tracks in the middle, in a congested commercial area of the city. Parking space was at a premium, and double parking was frequent. About noon on the day of the accident, the Baking Company's truck driver, Klein, was driving northwest on Winnebago street, and wished to stop to deliver bakery goods at a grocery store near the intersection of Winnebago and North Eighth street, on his right. He looked for a parking space, but cars were parked all along the curb as far as he could see, and also on the visible part of the cross street, so he parked double near the grocery store. At that point the right rail of the streetcar track was about 19 feet from the curb, and the left side of Klein's truck was about three feet from the rail. Just before stopping, he took an observation and saw a streetcar coming slowly northwest on Winnebago with a motorcycle following it. When the streetcar was about 40 feet away, Klein got out of the truck and went into the grocery store to see how much of his merchandise was wanted. While he was there, the accident occurred. The back end of his truck was painted with glossy white enamel

above, and grass green below, and the truck was washed twice a week.

Plaintiff was eighteen years of age, and was riding his motorcycle. He had turned northwest on Winnebago street from Juneau avenue, in a procession consisting of the streetcar, a truck, a Cadillac, and his motorcycle. Shortly the truck passed the streetcar, and the Cadillac and plaintiff continued to follow the streetcar up the incline on Winnebago. Presently the Cadillac slowed down and pulled to the right to double park, and plaintiff moved to the left and around the Cadillac, and continued to follow the streetcar, which was slowing down, between the rails until he was about 10 feet behind it. Then, when the streetcar was going from five to 10 miles per hour and plaintiff 15 miles per hour, plaintiff turned to the right to pass the streetcar. By that time the streetcar had reached defendant's truck, and as plaintiff swung out from behind the streetcar, which was then only two feet or less in front of him, he could see the truck for the first time, about 20 feet ahead of him. He was unable to stop, and collided with the truck at about the middle of its rear bumper, sustaining injuries. He could have swerved to the right sooner and thus given himself an opportunity to see whether there was a clear passage ahead, but he chose to follow the streetcar so closely that he could not see ahead. Plaintiff admitted that if a car had been stopped by traffic between the streetcar and the curb, he probably would have hit it. The reason he gave for proceeding at 15 miles per hour, instead of reducing his speed to that of the streetcar, was that his motorcycle was hard to balance at the slow speed of the streetcar and that he needed the higher speed to keep his balance while crossing over the rail as he turned to the right.

In a congested area with heavy traffic, it is to be anticipated that vehicles may be slowed down or stopped by traffic conditions, particularly when an intersection is ahead as was

the case here. The accident would have happened exactly the same if Klein's truck or any other vehicle had been properly stopped in the same place by traffic conditions, or to back into a parking space or to permit a parked car to move out from the curb.

In the circumstances we can only conclude that plaintiff completely abandoned his own safety and plunged recklessly into a blind situation. The streetcar was moving slowly and reducing speed, and the general traffic conditions were sufficient to warn any prudent person that legitimate obstructions to the right of the streetcar might be encountered and that great caution was in order. To rush into such a situation on a motorcycle at 15 miles per hour without any lookout whatever for an obstruction within the distance in which the motorcycle could be stopped, evidenced an utter disregard for safety. There must have been "a complete failure on the part of [plaintiff] to give attention to the probable consequences of his conduct." *Quady v. Sickl,* 260 Wis. 348, 354, 51 N. W. (2d) 3, 52 N. W. (2d) 134.

This court has several times noted the serious negligence of one who goes ahead on a highway without precaution when his vision is completely obscured by blinding lights, dust, dense smoke, or the like. See, for example, *Mann v. Reliable Transit Co.* 217 Wis. 465, 468, 259 N. W. 415; *Guderyon v. Wisconsin Telephone Co.* 240 Wis. 215, 227, 2 N. W. (2d) 242; *Quady v. Sickl,* 260 Wis. 348, 353, 51 N. W. (2d) 3, 52 N. W. (2d) 134; *Hephner v. Wolf,* 261 Wis. 191, 196, 52 N. W. (2d) 390.

The same principle is applicable here. By his own election to travel immediately behind the streetcar, plaintiff's vision was completely obscured with respect to the street to the right of the car until he turned into that area blindly and too late to stop for the obstruction. Under the conditions then existing, it was to be anticipated that the street might be obstructed, lawfully or otherwise.

On the other hand, Klein's negligence was somewhat mitigated by his need to cover his route and serve his patrons, the absence of a readily available parking space, and the frequency and toleration of double parking in that street.

While in the great majority of cases the apportionment of negligence is for the jury, there are times when it must be held that the jury's determination is wrong as a matter of law.

"Where, however, it appears that the negligence of the plaintiff is as a matter of law greater than that of the defendant, it is not only within the power of the court but it is the duty of the court to so hold." *Peters v. Chicago, M., St. P. & P. R. Co.* 230 Wis. 299, 301, 283 N. W. 803; quoted with approval in *Quady v. Sickl,* 260 Wis. 348, 351, 51 N. W. (2d) 3, 52 N. W. (2d) 134.

See, for example, *Schwarz v. Winter,* 272 Wis. 303, 309, 75 N. W. (2d) 447, where a jury verdict attributing less than 50 per cent of the negligence to a driver who made a left turn from the outside lane was set aside, and the driver held equally negligent with the other party as a matter of law. What we said there is applicable here:

"While we are ordinarily reluctant to change the apportionment made in the lower court, under the peculiar circumstances of this case where the evidence of the plaintiff's negligence is so clear and the quantum so great, we feel constrained to do so." *Schwarz v. Winter,* 272 Wis. p. 309, 75 N. W. (2d) 447.

*By the Court.*—Judgment reversed, with directions to enter judgment dismissing the complaint.

BROADFOOT, J. (*dissenting*). I cannot agree with the majority of the court that the apportionment of negligence in this case was not a question for the jury. In two other cases upon the same calendar and reported herewith we have

stated that, although there may be cases where the circumstances are such that a court can properly rule as a matter of law that the negligence of one of the parties involved is equal to that of the other, such cases are extremely rare and the apportionment of negligence is almost always for the jury. That rule was pronounced in *Schmidt v. Leary*, 213 Wis. 587, 252 N. W. 151, and *Hansberry v. Dunn*, 230 Wis. 626, 284 N. W. 556. The two cases in which the rule of the *Schmidt* and *Hansberry Cases* is affirmed are *Jeffers v. Peoria-Rockford Bus Co.* 274 Wis. 594, 80 N. W. (2d) 785, and *Bell v. Duesing,* post, p. 47, 80 N. W. (2d) 821.

I am authorized to state that Mr. Justice CURRIE and Mr. Justice FAIRCHILD join in this dissent.

---

* Motion for rehearing denied, with $25 costs, on April 9, 1957.