HOLLIE, Appellant, v. GILBERTSON and another, Respondents.

*January 31—February 27, 1968.*

For the appellant there was a brief by *Lepp & Lepp* of Kenosha, and oral argument by *Burton Lepp*.

For the respondents there was a brief by *Heft, Coates, Boggs & Heft* and *Carroll R. Heft* and *Robert H. Bichler*, all of Racine, and oral argument by *Mr. Carroll R. Heft* and *Mr. Bichler*.

HANLEY, J.   A collision occurred on the afternoon of April 28, 1965, at the intersection of Thirteenth street and Racine street in the city of Racine.  Racine street is an arterial, running north and south; Thirteenth street runs east and west and intersects Racine street at right angles.  Stop signs require Thirteenth street traffic to stop before entering the intersection.

The plaintiff, Simpson B. Hollie, just prior to the accident, had picked up a passenger, Leon Hartsfield, at the latter's residence on the northeast corner of Thirteenth and Racine.  With Hartsfield seated in the rear seat on the right side, plaintiff proceeded west on Thirteenth street and stopped at the stop sign at the intersection of Racine street.  He first waited for southbound Racine street traffic to pass and then looked to his left to observe northbound traffic but found his vision of the northbound lane obstructed by two telephone company trucks, one parked on the south side of Thirteenth street at the southeast corner of the intersection and one parked on the east side of Racine street at the same corner.  He testified that he then eased out into the intersection and that as he came near the center of Racine street, he first saw the defendant's northbound car approaching the intersection from about 150 feet away, traveling fast. He stepped on the gas in an attempt to get out of the defendant's path, but the motor would not take the gas right away.  Plaintiff's car was struck in the left front door by the left front of defendant's car.  According to

his testimony, the defendant's car did not slow down until impact.

His testimony as to where the defendant's car was when he first saw it was impeached by the testimony of Officer Lamberty of the Racine police department who testified that he talked to the plaintiff a short time after the accident at the hospital and that the plaintiff told him "that his vision was blocked by the truck. He didn't see the car until he was right there and he was struck, that's all."

Plaintiff's passenger, Hartsfield, testified that after plaintiff stopped for the stop sign, he eased away and stopped again. He did not remember a telephone company truck being parked on Racine street but remembered one parked on Thirteenth street. After stopping the second time, plaintiff pulled out into the intersection and reached a speed of from ten to 15 miles per hour. When the front wheel of Hollie's car was near or possibly over the center line, he first saw the defendant's car approximately 50 to 60 feet away coming quite fast. He warned Hollie and observed the car until impact, noticing that it did not slow down until impact. Mr. Hartsfield was thrown from the car by the force of the collision.

The defendant, Glenn C. Gilbertson, called adversely by the plaintiff, testified that before the accident he was traveling north on Racine street at a speed of 30 miles per hour and that he did not reduce his speed as he approached the intersection of Thirteenth and Racine. At that time he was looking straight ahead. He did not notice the two telephone company trucks, noticed no parked cars on Thirteenth street and did not see any traffic coming toward Racine street. He first saw the plaintiff's car when it was within the intersection and that it was a matter of feet from that point to the point of impact. His testimony was that he applied his brakes before impact.

There were no eyewitnesses to the collision other than the occupants of the colliding cars. The only testimony

of the place of actual impact was that of Norman R. Seeger, traffic investigator for the Racine police department, who testified that the place of impact was in the intersection in the normal path of travel of northbound traffic on Racine street, slightly to the north of the center line of Thirteenth street. He based his testimony on the location of the debris produced by the accident. After the impact Gilbertson's car moved in a counterclockwise direction from directly north to a northwesterly direction. Photographs received into evidence show that it came to rest well within the intersection. Hollie's car came to rest after striking the wall of the Twin Disc Clutch Company building on the southwest corner of the intersection. According to the testimony of Milton C. Burdick, an employee of the Twin Disc Clutch Company, whose first observation was made when Hartsfield was still in the air after being thrown from the car, the plaintiff's car was still rolling forward after the impact and then gathered speed finally crashing into the building.

Plaintiff contends the trial court erred in (1) ruling that as a matter of law the plaintiff's negligence equaled or exceeded that of the defendant; and (2) in not changing the verdict with respect to medical expenses and wage loss.

Plaintiff in his brief cites the oft-quoted rule that a verdict should only be directed against a plaintiff where the plaintiff's evidence, giving it the most reasonable construction it will reasonably bear, is insufficient to sustain a verdict in plaintiff's favor. The rule has found recent expression in *Wallow v. Zupan* (1967), 35 Wis. 2d 195, 150 N. W. 2d 329; *Rudzinski v. Warner Theatres* (1962), 16 Wis. 2d 241, 114 N. W. 2d 466; *Schlueter v. Grady* (1963), 20 Wis. 2d 546, 123 N. W. 2d 458.

Here, however, the plaintiff indicated his satisfaction with the findings of the jury with respect to the parties' negligence and seeks only to reinstate them. And defendant's oral argument before the trial court in support of the motion for a directed verdict was that plaintiff's

negligence exceeded defendant's as a matter of law. Under these circumstances, since the trial court did not favor the supreme court with an opinion, we will assume that the trial court directed a verdict on the ground that on the facts as found by the jury, the plaintiff's negligence equaled or exceeded the defendant's as a matter of law.

Generally, apportionment of negligence is for the jury and will not be upset except where it is manifest as a matter of law that the allocation is unreasonably disproportionate. *Lawver v. Park Falls* (1967), 35 Wis. 2d 308, 151 N. W. 2d 68; *Cirillo v. Milwaukee* (1967), 34 Wis. 2d 705, 150 N. W. 2d 460; *Firkus v. Rombalski* (1964), 25 Wis. 2d 352, 130 N. W. 2d 835; *Grana v. Summerford* (1961), 12 Wis. 2d 517, 107 N. W. 2d 463. Where, however, it appears that the negligence of the plaintiff is as a matter of law greater than that of the defendant, it is not only within the power of the court but it is the duty of the court to so hold. *Peters v. Chicago, M., St. P. & P. R. R.* (1939), 230 Wis. 299, 283 N. W. 803. Nor does the rarity of the occurrence of the comparison issue as a question of law add or subtract from the quantity or quality of evidence in a given case. *Bishop v. Johnson* (1967), 36 Wis. 2d 64, 152 N. W. 2d 887. *Davis v. Skille* (1961), 12 Wis. 2d 482, 107 N. W. 2d 458.

We think the trial court was correct in holding the plaintiff's negligence at least equal to the defendant's as a matter of law. The jury found the defendant not negligent as to speed, which it was entitled to do on the basis of the defendant Gilbertson's testimony. Hollie's testimony is that his car was near the center line of Racine street when he first saw Gilbertson's car, at that time 150 feet away. Hartsfield testified that when he first saw Gilbertson, Hollie's car was near or over the center line and that Gilbertson was then from 50 to 60 feet away. The only credible evidence concerning the place of impact places it in the northbound lane of Racine street. Since Hollie's car was struck in the left front door, this

means that only the hood portion of the car could possibly have been over the center line at impact. Since Hollie's car was moving at all times, it is inexplicable how defendant's car could have moved from the position either Hollie or Hartsfield testified it was in and struck Hollie's car in the northbound lane unless Gilbertson was speeding. But since the jury conclusively determined that Gilbertson was not speeding, the estimates by Hollie and Hartsfield of Gilbertson's distance from them are incredible of belief. Their location of the Hollie car at the point where they first saw Gilbertson, the testimony of the place of impact, and Gilbertson's testimony as to when he first saw the Hollie car conclusively show that Hollie proceeded into the intersection with his view obstructed and was immediately struck by the Gilbertson automobile.

On these facts, we believe the rule that some dignity must be accorded to users of an arterial highway, and that a driver on an arterial has no duty to anticipate that the user of an intersecting highway will not yield the right-of-way, *Schlueter v. Grady, supra,* and cases cited therein, requires the determination that as a matter of law, the plaintiff's negligence is at least equal to the defendant's.

It necessarily follows that the judgment of the trial court granting defendant's motion for a directed verdict be affirmed. In view of this ruling we do not reach the issue with respect to the modification of the damage question.

*By the Court.*—Judgment affirmed.