Maus, Respondent, v. Cook, Appellant.

*November 27—December 29, 1961.*

For the appellant there was a brief and oral argument by *D. V. W. Beckwith* of Madison.

For the respondent there was a brief by *Robins, Davis & Lyons* and *Lawrence Zelle,* all of Minneapolis, Minnesota, and *Lorin L. Kay* of Richland Center, and oral argument by *Mr. Kay.*

BROWN, J.   Appellant's sole contention is that the jury's apportionment of causal negligence is without support in the evidence.   Therefore, appellant asks this court to determine as a matter of law that plaintiff's causal negligence was at least equal to that of defendant—which would compel a reversal of the judgment and dismissal of the complaint—or that we remand the cause for a new trial to enable another jury to better satisfy appellant in the comparison of the causal negligence of the respective parties.

There is evidence from which the jury could believe and obviously did believe that the accident happened in the following manner:

Defendant Cook, a farmer, driving his Ford automobile, was going west on State Highway 14 approaching his own driveway to his home, located north of the highway. Cook's speed was about 35 miles per hour. Some one-half mile behind Cook came plaintiff Maus driving his own semitrailer, at a speed of approximately 50 miles per hour and, of course,

overtaking Cook. When Maus was about 400 feet behind Cook, the latter signaled that he intended to make a left turn. He made this signal by extending his left arm horizontally out of his left window. (This is the statutory left-turn signal, sec. 346.35 (1) (a), Stats.) Cook then reduced his speed to 15 or 20 miles per hour and drove his car into the south (his left) lane of the highway. Maus reduced his speed to 35 or 40 miles per hour. Cook's deviation left clear the right traffic lane and Maus attempted to continue in it and pass Cook to Cook's right. When the two vehicles had overlapped each other Cook began to come back into the right traffic lane. The sides of the two cars made contact with each other and in the attempt to avoid collision with Cook, Maus went into the ditch at the north side of the road. Personal injury and property damage to Maus resulted.

The accident occurred in daylight. Visibility was good. The pavement was dry. There was no opposing traffic at the times in question.

Although Cook concedes that he gave a left-turn signal he contends that Maus had no right to rely on it or be misled by it because just at that place there was no highway or driveway leading off to the left—although there was such a farm driveway in sight some 600 to 800 feet farther west. The evidence warrants the inference that Cook's erroneous signal and his guiding his car to the left traffic lane, consistent with that signal, lured Maus into an attempt to pass Cook on the right. (Sec. 346.08 (1), Stats., permits passing on the right when it may be done in safety *and* the vehicle overtaken "is making or about to make a left turn.") While the trial court found as a matter of law that Maus was causally negligent in so passing, it was the jury's province to assess the degree of the causal negligence particularly in comparison with other causally negligent conduct by others.

Appellant has called attention to the fact that his only causal negligence found by the jury was that of his misleading left-turn signal, whereas the court found Maus guilty of causal negligence in passing on the right and the jury found him negligent in management and control but not in speed. Cook submits that, as a matter of law, Maus was guilty of causally negligent speed, in that he was going too fast for existing conditions, sec. 346.57 (2) and (3), Stats., although not exceeding the speed limit for that part of the highway.

Several answers occur to us. (1) There was room in the evidence for the jury to consider that Maus was not going too fast for existing conditions. Cook had signaled a left turn and left clear the right lane as an invitation to pass. The jury need not necessarily believe that these conditions required further reduction of Maus' speed. (2) Failure to reduce speed once a dangerous condition is sighted is properly a matter of management and control and not speed. *Bartz v. Braun* (1961), 14 Wis. (2d) 425, 430, 111 N. W. (2d) 431; *Jennings v. Mueller Transportation Co.* (1955), 268 Wis. 622, 631, 68 N. W. (2d) 565. The jury did find Maus guilty of negligent management and control.

When a jury's findings are attacked on appeal, particularly when they have had the trial court's approval, our inquiry is limited to the issue whether there is any credible evidence that, under any reasonable view, supports such findings. *Kosnar v. J. C. Penney Co.* (1959), 6 Wis. (2d) 238, 240, 94 N. W. (2d) 642; *Olson v. Milwaukee Automobile Ins. Co.* (1954), 266 Wis. 106, 62 N. W. (2d) 549, 63 N. W. (2d) 740. It must be apparent from the foregoing recitation of the facts gleaned from the record that the findings of the jury have the necessary support.

The court is particularly loath to overturn a jury verdict on the comparison of the negligence between a plaintiff and a defendant. *Niedbalski v. Cuchna* (1961), 13 Wis. (2d) 308,

318, 108 N. W. (2d) 576. It is only in unusual fact situations that the court will disturb the jury's comparative-negligence answers. *Mullen v. Reischl* (1960), 10 Wis. (2d) 297, 305, 103 N. W. (2d) 49.

"The degree of negligence attributable to a party is not to be measured by the character thereof nor by the number of respects in which he is found to have been at fault. It is the conduct of the parties considered as a whole which should control. In other words, once it has been established that each has been negligent, it is then the jury's function to weigh their respective contributions to the result, which will, regardless of the nature of their acts or omissions, determine which made the larger contribution and to what extent it exceeds or is less than that of the other." *Taylor v. Western Casualty & Surety Co.* (1955), 270 Wis. 408, 411, 71 N. W. (2d) 363.

This has been a fact case. Credible evidence supports the findings of fact made by the jury. We must affirm the judgment entered on the verdict.

*By the Court.*—Judgment affirmed.