ESTATE OF SCHEIBE: ROBERT HILL FOUNDATION, Appellant, v. LEARMAN, Individually and as Executor, and another, Respondents.

*April 12—May 9, 1967.*

For the appellant there was a brief and oral argument by *David L. Walther* of Milwaukee.

For the respondent there was a brief by *E. H. Snyder* of Milwaukee for Arvie H. Learman, executor, concurred in by *Stewart G. Honeck* of Milwaukee, for Arvie H. Learman in his individual capacity, and oral argument by *Mr. Snyder*.

HANSEN, J. There are four issues raised on this appeal:

1. Did the county court follow the mandate of the supreme court in its conclusions of law and judgment?

2. Should the judgment be reversed in the interests of justice?

3. Was the finding of the market value of the real estate of $12,800 against the great weight and clear preponderance of the evidence?

4. Was it proper for the county judge to reject the affidavit of prejudice?

In its original opinion, this court specifically stated that the question before the court did not resolve itself on whether or not the executor acted in good faith and was honest as to the manner in which he handled the sale of the real estate. The real question is whether or not the executor fulfilled his duties as a fiduciary while acting in his capacity as such. The opinion correctly stated that good faith alone in the performance of the duties of a fiduciary is not sufficient. *Estate of Martin* (1963), 21 Wis. (2d) 334, 341, 124 N. W. (2d) 297. The grant of the power of sale to the executor imposed upon him a special confidence, *a discretion coupled with a trust to be exercised solely for the benefit of the cestuis que trust. Scheibe, supra.* The *Scheibe* decision cites considerable authority as to the duties of a person occupying a position of trust such as an executor. All of the authority holds executors to the duty of exercising such diligence and caution as a careful and prudent owner would observe in the sale of his own property.

The record now before the court as to the facts and circumstances surrounding the sale of the real estate is the same as on the original appeal. No further evidentiary hearing was held. The entire emphasis of the first opinion reflects a considerable doubt as to whether the executor acted as a reasonable and prudent man with loyalty to the beneficiaries. The salient facts are contained in the first opinion. However, in the absence of a finding as to fair market value, the county court was directed to decide after a hearing whether the respondent was to be surcharged or whether a suit or proceedings started for setting aside the sale.

The county court so interpreted the mandate of this court as to require no further evidentiary hearing, but rather on the basis of the record then before it determined that the appellant had suffered no damage by reason of the sale of the premises at fair market value and approved

the sale to Grace Musgrave, sister of the executor, in the amount of $12,800.

While it may be argued that the trial court followed the literal wording of the direction of the remand, we conclude that it did not so follow the direction and intent of the court as manifest in the opinion when considered in its entirety.

We find and so conclude that the interests of justice require that the judgment be reversed. See sec. 251.09, Stats.

" 'This court will not exercise this discretion unless it is convinced that there has been a probable miscarriage of justice—viewing the case as a whole.' *Chapnitsky v. McClone* (1963), 20 Wis. (2d) 453, 467, 122 N. W. (2d) 400."

*Wanserski v. State Farm Mut. Automobile Ins. Co.* (1964), 23 Wis. (2d) 368, 378, 127 N. W. (2d) 264, and *Chapnitsky v. McClone* (1963), 20 Wis. (2d) 453, 467, 122 N. W. (2d) 400, and cases cited.

Having arrived at the foregoing decision, we do not decide whether or not the findings of the county court were against the great weight and clear preponderance of the evidence.

### Effect of Affidavit of Prejudice.

In its original decision, this court stated "we believe the trial court should decide after hearing whether the respondent is to be surcharged or whether a suit or proceeding started for setting aside the sale." *Scheibe, supra.* The order was reversed and the cause remanded for further proceedings not inconsistent with the opinion.

This direction required a further hearing before the county judge, although he apparently interpreted this to mean that he could make his findings upon the record as it was then before him, and he did so. Upon remand, Judge MUDROCH disregarded the affidavit of prejudice

filed against him under sec. 253.142, Stats., and the appellant now contends that the filing of the affidavit deprived him of jurisdiction to make the findings in question here.

This fact situation appears never to have arisen under sec. 253.142, Stats., or its predecessors. However, following the theory laid down in *Luedtke v. Luedtke* (1966), 29 Wis. (2d) 567, 139 N. W. (2d) 553, which case considered an affidavit of prejudice under sec. 261.08 (1) as relating to divorce actions and especially in light of the concurring opinion therein, we find that the county judge was correct in retaining jurisdiction for the purpose of determining fair market value and any subsequent proceedings which might have been necessary and not inconsistent therewith.

The appellant attempts to avoid the language of the *Luedtke* decision by arguing that the finding of fact of a fair market value and the determination of such surcharge, if any, was a new matter to be dealt with in a new proceeding. The decision in *Scheibe, supra,* clearly indicates that the remand was not made for the purposes of constituting a new proceeding but on the contrary, very much a part of and related to the proceedings which presently brings this matter before the court. Hence the trial court's refusal to honor the affidavit of prejudice was proper.

*By the Court.*—Judgment reversed.