BISHOP, Appellant, v. JOHNSON and another, Respondents.

*September 6—October 3, 1967.*

66

For the appellant there was a brief by *Kersten & McKinnon,* attorneys, and *George P. Kersten* of counsel, all of Milwaukee, and oral argument by *George P. Kersten.*

For the respondents there was a brief by *Hippenmeyer, Reilly, Fritz & Arenz* of Waukesha, and oral argument by *Richard S. Hippenmeyer.*

HALLOWS, J. Bishop contends he was free from contributory negligence as a matter of law but if he were negligent, the comparison of his negligence with that of Johnson was properly a determination for the jury to make and the question should not have been decided as a matter of law by the court. Johnson contends Bishop was at least 50 percent contributorily negligent as a matter of law and he was negligent per se because he violated a criminal law and contributed to the defendant's condition, which caused the accident.

We need not decide whether Bishop was or was not negligent as a matter of law; at least his conduct raised a question of negligence for the jury. The knowledge of the guest that the driver has drunk intoxicating liquor before driving does not necessarily make the guest contributorily negligent for his own safety in riding with the driver. In *Murray v. Reidy* (1963), 21 Wis. 2d 254, 124 N. W. 2d 120, the host-driver rear ended another car after drinking approximately four mixed drinks, eight glasses of beer and two bottles of beer during a seven-hour period and the jury found the guest was not contributorily negligent. On appeal it was claimed the plaintiff was contributorily negligent as a matter of law. This court held proper jury questions were presented as to the quantity of intoxicating liquor consumed by the driver during the seven-hour period, as to the effect of such drinking on his driving ability and as to the negligence of the guest, if any, in riding with the host under the circumstances. In *St. Paul Fire & Marine*

*Ins. Co. v. Burchard* (1964), 25 Wis. 2d 288, 130 N. W. 2d 866, the host-driver had at least 10 drinks of some unspecified liquor in the afternoon and evening prior to the accident. The jury found the guest not guilty of contributory negligence and this finding was affirmed on appeal, the court stating although a passenger who encounters a known hazard upon entering an automobile may be negligent the court could not say that as a matter of law the passenger failed to exercise reasonable care for his own safety in merely riding with the driver after the latter had been drinking.

The decisive issue on this appeal is whether the trial court erred in determining as a matter of law the negligence of Bishop was at least equal to that of Johnson. There is no question the trial court has the power to direct a verdict when the evidence is so clear and convincing as reasonably to permit unbiased and impartial minds to come to but one conclusion. *Sailing v. Wallestad* (1966), 32 Wis. 2d 435, 145 N. W. 2d 725. When the evidence is of such a nature, only a question of law is presented and if the evidence is presented to the jury and it does not reach the "one conclusion," the court has the power to set aside such verdict. *McCauley v. International Trading Co.* (1954), 268 Wis. 62, 66 N. W. 2d 633. In the great majority of cases the evidence is such that a jury question on the comparison of the causal negligence is presented. *Baumgarten v. Jones* (1963), 21 Wis. 2d 467, 124 N. W. 2d 609; *Schlueter v. Grady* (1963), 20 Wis. 2d 546, 123 N. W. 2d 458. But the rarity of the occurrence of the comparison issue as a question of law does not add or subtract from the quantity or quality of the evidence in any given case. *Davis v. Skille* (1961), 12 Wis. 2d 482, 107 N. W. 2d 458.

Was the evidence so strong and compelling that no reasonable jury properly instructed could conclude the

negligence of the plaintiff Bishop was not at least equal to that of Johnson? Or, to put it positively, was Bishop's evidence, giving it the most favorable construction it will reasonably bear, insufficient to sustain a verdict in his favor?

Bishop and Johnson were friends and worked together in Waukesha. About 10 p. m. on August 10, 1963, Johnson, his wife and child paid a visit to Bishop and his wife in their home in New Berlin, Wisconsin. After they watched television for some time it was suggested the men go out and get some pizza. After leaving the home about 11 p. m. on this errand, Bishop and Johnson spent the next four and one half to five hours drinking between nine and eighteen 10-cent glasses. of beer or shorty bottles of beer in nine visits to seven different taverns. Johnson was twenty years and nine months old at the time and being under twenty-one years of age could not legally purchase beer in the city of Waukesha or Milwaukee county. The evidence is conflicting on whether Bishop who was twenty-seven years old knew Johnson was not twenty-one. At one tavern Bishop spoke to the bartender, assuring him it was all right to serve beer to Johnson.

On their escapade Johnson did the driving. There is some evidence which showed Johnson did not display any sign of any influence or effect of the beer drinking; nor did Johnson communicate to Bishop he felt the effect of the drinking. There is other evidence from which an inference could be drawn that the drinking of beer affected Johnson's driving. After leaving the seventh tavern Johnson squealed the tires on a fast start and Bishop admonished him for this and made some mention of taking the car keys away from him. After leaving the ninth tavern in Milwaukee and while they were driving west on Bluemound Road from Milwaukee toward Waukesha, Johnson exceeded the speed limit

and passed several cars while going approximately 90 miles per hour. Bishop warned him to slow down and threatened to take the car keys away if he did not, but immediately after this warning Johnson passed two cars in a string of three and pulled in behind the relatively slow-moving head (third) car, which he struck in the rear, injuring himself, Bishop and the driver of the other car.

The trial court, in considering Bishop's disregard for his own safety was at least equal to Johnson's negligence, stated:

". . . what this Court is saying is that a 27 year old man cannot go out with a 20 year old man, make nine visits to seven taverns, get hurt in an automobile accident, and then point his finger at the young man and say 'you are at fault.' "

On motions after verdict, it is apparent the trial court concluded Bishop had reasonable knowledge the beer drunk by Johnson was affecting his driving and his riding with Johnson under the circumstances constituted a known unreasonable hazard to his own safety. While this may be so, such negligence of a guest does not necessarily equal that of the host-driver who besides being negligent in the same respect was negligent in the matter of speed and management and control of the vehicle. While the number of respects in which a person is negligent is not necessarily determinative in the comparison of negligence, it is a factor to be considered.

We consider the trial court in error in deciding Bishop was at least 50 percent negligent as a matter of law. Bishop was not responsible for Johnson's drinking nor was he obliged to treat him as a child because he was three months short of twenty-one. Johnson was married and the father of a child. At his age many young men have experienced combat service in the defense of their

country and some have made the supreme sacrifice. Johnson had about as much to drink as Bishop but Johnson's negligence of speed and management and control cannot be charged to Bishop who protested as to speed and presumably had no chance to protest as to management and control.

If we read Johnson's brief correctly, he argues Bishop was equally negligent on a theory the negligence was akin to the assumption of a known risk which necessarily results in at least equal negligence. He reads *McConville v. State Farm Mut. Automobile Ins. Co.* (1962), 15 Wis. 2d 374, 113 N. W. 2d 14, as importing to contributory negligence in the nature of an assumption of risk the same denial of recovery. What amounted to assumption of risk before that doctrine was abolished in *McConville* may now constitute negligence, but it does not follow that such negligence must equal that of the host as a matter of law. *McConville* did more than change labels. This argument that *McConville* merely changed labels and therefore no causation question in a verdict was necessary was considered and rejected in *Theisen v. Milwaukee Automobile Mut. Ins. Co.* (1962), 18 Wis. 2d 91, 118 N. W. 2d 140, 119 N. W. 2d 393. We now reject it as applied to a comparison question. Contributory negligence of a nature which was formerly called assumption of risk is subject to the same rules of comparison as any other type of negligence.

*By the Court.*—Judgment reversed, and a new trial granted.