PRUSS and wife, Respondents, v. STRUBE and another, Appellants.

*January 2—January 30, 1968.*

For the appellants there was a brief by *Kluwin, Dunphy, Hankin & Hayes* of Milwaukee, and oral argument by *Gerald T. Hayes*.

For the respondents there was a brief and oral argument by *Roland J. Steinle, Jr.,* of Milwaukee.

HALLOWS, C. J.   It is claimed that because there was no dispute that both vehicles approached the intersection at approximately the same time, the court overemphasized Strube's duty in failing to yield the right-of-way by giving certain instructions to the jury. These instructions provided that the jury could find the two automobiles did not approach the intersection at the

same time and defined "approximately the same time." These instructions were in addition to an instruction on right-of-way. We do not think the trial court erred in its instructions. Whether the cars approached the intersection simultaneously so as to give rise to a right-of-way was a disputed issue. Both drivers were negligent as to lookout and if the cars entered the intersection approximately the same time Strube had the additional duty to yield the right-of-way. The evidence justified the giving of the instructions, which were Wis J I— Civil, Part I, 1157, excepting the part relating to speed, which was not in issue.

The second contention of Strube relates to the inadmissibility of testimony that no arrest had been made because of the accident. At the trial Strube was called adversely and during the course of examination was asked if he had seen any pictures of the accident. He replied not since "we went to see the city attorney." He was also asked whether the police had taken any pictures at the scene. No objection was made to these questions but counsel for Strube apparently thought this questioning created an inference that Strube was "summoned" to the city attorney's office. For the purpose of clarification, Strube's counsel asked him whether any arrests were made, to which question Strube answered "No." This answer was ordered stricken as immaterial. Relying on *Fields v. Creek* (1963), 21 Wis. 2d 562, 124 N. W. 2d 599, Strube argues the door to this answer was opened by the questioning of him relating to his visit to the city attorney's office and he had a right to clarify the inference he was summoned by showing no arrest had been made.

We think the proper rule applicable is not whether the door was open but whether the answer was admissible under the rule of curative admissibility, that is, whether one inadmissibility justifies or excuses another. This rule generally involves evidence otherwise immaterial. There are three different versions of the rule competing

for recognition: (1) The admission of an inadmissible fact, without objection by the opponent, does not justify the opponent rebutting it by other inadmissible facts; (2) the opposite, the opponent may resort to similar inadmissible evidence; (3) the opponent may reply with similar evidence only when it is needed to remove an unfair prejudice which might otherwise ensue from the original evidence. 1 Wigmore, *Evidence,* p. 304, sec. 15. The trial court concluded the evidence relating to the visit to the city attorney's office did not unfairly prejudice Strube because any inference of arrest because of a visit to the city attorney's office was not the only inference which might have been drawn. We agree the trial court's ruling was correct but place it upon the third statement of the rule of curative admissibility and hold that on these facts the answer was not needed to remove any unfair prejudice. We doubt if a jury would draw any inference of greater fault because the defendant was at the city attorney's office.

A more important assignment of error is the refusal of the trial court to grant a new trial in the interest of justice. Strube claims the verdict is perverse and the apportionment of the negligence cannot stand. The trial court refused to interfere with the jury's apportionment of negligence on the ground it considered apportionment of negligence to be a jury function in the great majority of cases and because of the rarity of the instances in which the court could rule the contribution of the causal negligence of the parties is equal, relying on *Heine v. Oswald Jaeger Baking Co.* (1957), 275 Wis. 26, 80 N. W. 2d 791; *Maus v. Cook* (1961), 15 Wis. 2d 203, 112 N. W. 2d 589; *Bell v. Duesing* (1957), 275 Wis. 47, 80 N. W. 2d 821. That is undoubtedly true, regardless of how weak the argument based on "rarity" or "great majority" is. *Bishop v. Johnson* (1967), 36 Wis. 2d 64, 152 N. W. 2d 887. But, the rule is just as well settled that a new trial may be granted in the interest of justice because the verdict is against the great weight of the

evidence even though there is sufficient credible evidence to support the jury's finding. *Brunke v. Popp* (1963), 21 Wis. 2d 458, 124 N. W. 2d 642; *Flippin v. Turlock* (1964), 24 Wis. 2d 49, 127 N. W. 2d 822; *McPhillips v. Blomgren* (1966), 30 Wis. 2d 134, 140 N. W. 2d 267. And this is the rule whether applied to a question of damages, negligence, causation, or comparison of the negligence. A new trial in the interest of justice has been granted when the jury's comparison of negligence was against the great weight and clear preponderance of the evidence even though it cannot be said as a matter of law the jury's answer is wrong. *Pingel v. Thielman* (1963), 20 Wis. 2d 246, 121 N. W. 2d 749; *Korpela v. Redlin* (1958), 3 Wis. 2d 591, 89 N. W. 2d 305; *Bolssen v. Heenan* (1958), 3 Wis. 2d 110, 88 N. W. 2d 32; *Guptill v. Roemer* (1955), 269 Wis. 12, 68 N. W. 2d 579, 69 N. W. 2d 571; *Gremban v. Burke* (1966), 33 Wis. 2d 1, 146 N. W. 2d 453.

However, the trial court also found the finding of the jury was not against the great weight of the evidence although two jurors dissented from the verdict. The majority of this court agrees with the view of the trial court. It is quite plain Mrs. Pruss never saw the defendant's truck. It is also quite clear the defendant never saw the Pruss car prior to entering the intersection. An autoist has the same duty to look to his left as to his right in approaching an uncontrolled intersection but since he has the duty to yield the right-of-way to an approaching car entering such an intersection from his right, it is probably more dangerous not to make an efficient outlook to his right. However, the number and respects in which a person is negligent are not determinative of the contribution of his negligence any more than the same nature of the negligence, such as lookout, necessarily determines the contribution to the accident is equal.

However, while speed is not a factor in this collision, the defendant's truck did strike the car of the plaintiff.

Mrs. Pruss had the right-of-way and the apportionment of negligence is not so far out of line that it can be said as a matter of law that it is against the great weight and clear preponderance of the evidence so as to constitute the basis for a new trial in the interest of justice.

The writer of this opinion, however, differs with the majority on this point and believes the percentages of negligence attributed to the parties are so grossly disproportionate that they should be disapproved as a matter of law under this court's discretionary power. We need not decide the trial court abused its discretion. *Ernst v. Greenwald* (1967), 35 Wis. 2d 763, 151 N. W. 2d 706; *Barber v. Oshkosh* (1967), 35 Wis. 2d 751, 151 N. W. 2d 739; *Sell v. Milwaukee Automobile Ins. Co.* (1962), 17 Wis. 2d 510, 117 N. W. 2d 719; *Gauthier v. Carbonneau* (1938), 226 Wis. 527, 277 N. W. 135. I think Mrs. Pruss who entered an uncontrolled intersection without making an efficient observation of oncoming traffic contributed substantially more than 10 percent to the cause of the accident. The writer would also extend an option to the plaintiff to accept an apportionment of causal negligence made by the court and follow the same procedure this court does in applying the *Powers* rule in respect to damages. The adoption of such a rule was suggested in the concurring opinion in *Lawver v. Park Falls* (1967), 35 Wis. 2d 308, 151 N. W. 2d 68. The majority of the court, however, does not reach this question.

*By the Court.*—Judgment affirmed.