SPATH, Respondent, v. SEREDA, Appellant.

*No. 112. Argued January 8, 1969.—Decided February 4, 1969.*
(Also reported in 164 N. W. 2d 246.)

For the appellant there was a brief by *Berg & Gage* of Janesville, and oral argument by *Louis D. Gage.*

For the respondent there was a brief and oral argument by *Philip Weinberg* of Milwaukee.

HALLOWS, C. J.   A motion for a new trial must be made and heard within a period of two months after the verdict is rendered unless the court by order made before its expiration extends such time for cause. Sec. 270.49 (1), Stats. The special verdict was returned on December 6, 1967. The motions after verdict were argued on January 22, 1968, on which day the trial judge extended the time sua sponte for decision until March 18, 1968. On this date the court again extended the time for decision until May 7, 1968. Each order recited the extension was "for good cause" but neither set forth the cause and thus did not comply with the statute.

From a mere reading of the statute one might conclude it only requires that good cause does in fact exist but this section has long been interpreted to require the showing of the particular cause in the order; merely stating the conclusion that good cause exists is not sufficient although it may in fact exist. In *Anderson v. Eggert* (1940), 234 Wis. 348, 291 N. W. 365, this court pointed out a mere recital that an extension was granted for good cause, for convenience, or because of a stipulation of the parties, was not a compliance with this statute. The purpose of the section is to force a speedy hearing and determination of motions after ver-

dict. If they are not decided, they are deemed denied. *See also Fontaine v. Fontaine* (1931), 205 Wis. 570, 238 N. W. 410; *Estate of Noe* (1942), 241 Wis. 173, 5 N. W. 2d 726.

As recently as *Loomans v. Milwaukee Mut. Ins. Co.* (1968), 38 Wis. 2d 656, 664, 158 N. W. 2d 318, this court held that an order under sec. 270.49 (1), Stats., must set forth the facts showing good cause, *i.e.*, the cause itself must be shown. Since the cause was not so shown in the orders of January 22d and March 18th, the motion for a new trial must be deemed overruled.

This would dispose of this appeal except for Spath's request that this court exercise its discretion under sec. 251.09, Stats., and grant a new trial. It is argued the jury ignored the evidence in its answers to the damage questions, its equal apportionment of causal negligence is unsupportable and there was an erroneous instruction which influenced the apportionment finding.

This request is in line with *Graf v. Gerber* (1965), 26 Wis. 2d 72, 131 N. W. 2d 863, in which we stated when an order of the trial court granting a new trial does not comply with sec. 270.49, Stats., this court will review the record to determine whether it should exercise discretion under sec. 251.09. This was done in *Loomans v. Milwaukee Mut. Ins. Co., supra.*

In a review of a trial court's order granting a new trial in the interest of justice we ordinarily sustain the order unless it was the result of an abuse of discretion. This rule is not applicable here but the reasons which motivated the trial court are pertinent. These were the failure of the jury to find damages for loss of future earnings, the findings were against the great weight of the evidence, and passion and prejudice influenced the low amount of damages.

When perversity and prejudice are found to have actuated one answer to a question in a special verdict,

the whole verdict should be set aside unless the trial court can determine the perversity or prejudice affected only that particular answer. *Lines v. Milwaukee* (1911), 147 Wis. 546, 133 N. W. 592. Human beings are no different in the jury box than out of it and it is unlikely in human nature that prejudice can be so isolated to such a narrow issue as one question. At least in this case, the trial court stated he could not find that the prejudice was restricted to the damage question.

We think from a review of the record there should be a new trial in the interest of justice. The trial court's evaluation has merit. Spath received a permanent injury when Sereda was attempting to set the Skil-Saw down on the old window frame and it bit into Spath's hand. Spath was a millwright and the evidence showed loss of earning capacity. Recently this court discussed to what extent a permanent injury may supply a basis for loss of earning capacity. *See Wells v. National Indemnity Co.*, ante, p. 1, 162 N. W. 2d 562.

When jury findings are contrary to the great weight of the evidence even though they are supported by credible evidence, a new trial may be granted in the interest of justice. *Brunke v. Popp* (1963), 21 Wis. 2d 458, 124 N. W. 2d 642; *Pingel v. Thielman* (1963), 20 Wis. 2d 246, 121 N. W. 2d 749. As we said in *Pruss v. Strube* (1968), 37 Wis. 2d 539, 155 N. W. 2d 650, this is the rule whether applied to a question of damages, negligence, causation or comparison of negligence.

In this case, we have a 50–50 comparison of negligence finding. In *Loomans v. Milwaukee Mut. Ins. Co., supra,* we pointed out a comparison of negligence may be the basis of a new trial if it is against the great weight and clear preponderance of the evidence although the court could not as a matter of law say it was wrong. *See also Bishop v. Johnson* (1967), 36 Wis. 2d 64, 152

N. W. 2d 887; *Lawver v. Park Falls* (1967), 35 Wis. 2d 308, 151 N. W. 2d 68.

In *Korleski v. Lane* (1960), 10 Wis. 2d 163, 102 N. W. 2d 234, the jury apportioned 50 percent of the causal negligence to the plaintiff and allowed what the trial court called a "very low" award. The trial court did not find perversity and dismissed the action because the plaintiff was 50 percent negligent. On appeal, this court agreed the damages were too low and believed the apportionment of 50 percent negligence to the plaintiff resulted in a miscarriage of justice and granted a new trial in the interest of justice under sec. 251.09, Stats.

We do not rest our decision on the error of the trial court in respect to instructing on the evidence. It is probable the error has some accumulative effect as in *Rude v. Algiers* (1958), 4 Wis. 2d 615, 91 N. W. 2d 198. However, it is the combination of all these circumstances which compels us to believe justice has not been done and we should grant a new trial. Personally, the writer of this opinion thinks this case is another example of why the comparative negligence law of this state should be changed so that a plaintiff could recover although his negligence equaled or exceeded that of the defendant or defendants.

*By the Court.*—Order reversed, and a new trial granted; costs denied to both parties.