HENRICKSEN and wife, Plaintiffs and Respondents, v. McCARROLL and wife, d/b/a JOY FARM COMPANY, Defendants and Respondents: DEUTSCH, Defendant and Appellant.

*No. 26. Argued November 26, 1969.—Decided January 9, 1970.*
(Also reported in 173 N. W. 2d 153.)

370

For the defendant-appellant there was a brief by *Kluwin, Dunphy, Hankin & Hayes* of Milwaukee, and oral argument by *John A. Kluwin.*

For the plaintiffs-respondents there was a brief by *Frisch, Dudek, Slattery & Denny,* attorneys, and *C. Michael Hausman* of counsel, all of Milwaukee, and oral argument by *Mr. Hausman.*

For the defendants-respondents there was a brief by *Wickham, Borgelt, Skogstad & Powell,* attorneys, and *Robert C. Watson* of counsel, all of Milwaukee, and oral argument by *Mr. Watson.*

BEILFUSS, J.  The defendant, Deutsch, contends (1) that the evidence does not support the jury's findings that he was causally negligent, (2) that the court's instructions as to the duties of the defendants as bailor and bailee were erroneous, and (3) that the evidence does not support the jury's findings of comparative negligence between the defendants as 70 percent to Deutsch and 10 percent to McCarroll.

The parties agree that the relationship between the defendants, Deutsch and McCarroll, was one of bailment. Deutsch, as bailor, delivered the horse to McCarroll, as bailee.  McCarroll was to and did transport the horse to and from Indianapolis.  The whole arrangement between Deutsch and McCarroll was a bailment for the mutual benefit of both the bailor and the bailee.  Deutsch, the bailor, was to have his horse transported and McCarroll, the bailee, was to receive a fee for this service.  It is undisputed that the owner of the horse was to furnish the halter and lead rope.

In 8 C. J. S., *Bailments,* pp. 384, 385, sec. 25, the duties of bailor for mutual benefit are set forth as follows:

"A bailor has the duty to use ordinary, due, or reasonable care to furnish chattels which are reasonably fit for the purposes of the bailment, or capable of the use, known or intended, for which they are bailed, . . . To this end the bailor must use reasonable care to inspect or examine the chattel before delivering it to the bailee, particularly where it was made by a third person.  Under other authorities, the bailor owes a duty to the bailee and to third persons to make the chattel safe for the use to which it is to be put, or to give warnings of the danger of which he knows, and to make any reasonable inspection of the chattel to ascertain any defect or dangerous conditions.

"  . . .

"A bailor is not an insurer against all damages or personal injuries suffered by reason of the defective condition of the bailed chattel, and the limit of the bailor's duty is to see that the bailed property is reasonably

safe for use. Accordingly, where the warranty is implied from the common law of bailments or from duties imposed by statute, he warrants only that he has exercised reasonable care to ascertain that the chattel is safe and suitable for the purpose intended by the bailee."

We are here concerned with the bailor's duties as they exist and apply to third persons (in this instance Henricksen). A statement of this rule appears in 8 C. J. S., *Bailments*, pp. 478, 479, sec. 40:

"A bailor violating his obligation to furnish property reasonably fit for the purpose for which hired, which obligation has been considered supra sec. 25, may be liable to third persons using such property, at the bailee's invitation, for injuries caused by its being in improper condition when delivered to the bailee; and a bailor intrusting a dangerous article to his bailee, knowing that it will be used in such a manner as to endanger persons and property, is chargeable with negligence and answerable in damages for any injury which, by the exercise of ordinary prudence, he could have foreseen.

"A lender of personal property is liable for injuries from defects in the property which render it dangerous when used for the purpose for which it is lent, where the lender has knowledge of such defects, and it has also been held that he may be liable, although he has no actual knowledge, where he could have ascertained or known of such defect by the exercise of proper care, although the latter has been denied. Moreover, a lessor or lender of a chattel is liable to those third persons whom he should expect to use the chattel, or to be in the vicinity of its probable use, for injuries resulting from the use of the chattel, where he knows or should realize that the chattel is likely to be dangerous for use, and has no reason to believe that such persons will realize its dangerous condition, and fails to exercise reasonable care to inform them thereof. However, he is not liable for injuries due to defects of which he has no knowledge and could not have discovered by the most careful scrutiny."

Under the facts as set forth above, we agree with the trial court that there was credible evidence by which the jury could reasonably conclude that the snap on the lead

rope was defective and that its defect was a cause of the horse escaping to the highway. The jury could further reasonably conclude that a reasonable inspection of the snap would have revealed its faulty condition, or that Deutsch knew, or in the exercise of reasonable care should have known, of the defect in view of its use and length of time it was in his possession. There is, therefore, sufficient credible evidence to sustain the finding of causal negligence on the part of Deutsch.

Defendant-appellant, Deutsch, has set forth the two bases upon which he argues the trial court erred in instructing the jury about each defendant's duty. First, he urges that the jury should have been required to find Deutsch had notice of the defect before he could be liable for furnishing the rope and snap in its faulty condition. Secondly, it is asserted that it should have been told McCarroll had a duty to inspect the snap upon receipt of the horse for transporting to Indiana. His duty to inspect and deliver was stated by the trial judge as follows:

"Now, as these rules apply to the defendant, Harry Deutsch, or his employee, you are instructed that a person who delivers personal property such as a horse over to the possession of another and also delivers equipment for aid in the control and confinement of that horse, he has a duty to exercise ordinary care to inspect and to deliver that equipment in such a condition that in its reasonable use the horse, in its actions and activities, will not injure or present an unreasonable risk of injury to persons or property of another."

Regarding the second instruction challenged, the jury was informed that McCarroll's duties included that of inspections. It was stated:

"As these rules apply to the defendant, Donald G. McCarroll or his employees, . . . In this connection you may consider the knowledge of the defendant, Donald G. McCarroll, of the natural traits of this horse or of horses in general. You may further consider the method and the manner by which the equipment delivered with the

horse was inspected and used, the method and manner by which the horse was kept within the stall within the barn and within the property owned by the defendant, Donald G. McCarroll, known as the Joy Farm."

We are of the opinion that these instructions were not erroneous or inadequate for the purpose stated.

The defendant-appellant, Deutsch, contends that evidence does not support the jury's apportionment of negligence. We agree with this contention.

Admittedly, the court is reluctant to set aside jury apportionments of negligence. In *Vanderkarr v. Bergsma* (1969), 43 Wis. 2d 556, 563, 168 N. W. 2d 880, we stated:

"The defendant's burden on appeal is difficult when he seeks to upset the jury's apportionment of negligence. " 'In *Ernst v. Greenwald* (1967), 35 Wis. 2d 763, 773, 151 N. W. 2d 706, we stated that this court would set aside a jury's finding apportioning negligence only if at least one of three factors were present: (1) If, as a matter of law, the plaintiff's negligence equaled or exceeded that of the defendant; (2) if the percentages attributed to the parties (in light of the facts) are grossly disproportionate; and (3) if there was such a complete failure of proof that the verdict could only be based upon speculation.' *Lautenschlager v. Hamburg* (1969), 41 Wis. 2d 623, 627, 628, 165 N. W. 2d 129."

The jury attributed 70 percent of the causal negligence to Deutsch and only 10 percent to McCarroll (the plaintiff automobile driver was found to be 20 percent causally negligent). Deutsch had a duty to furnish reasonably adequate equipment and to inspect it for defects. McCarroll also had a duty to inspect the equipment; and having undertaken to keep the horse he had the duty to use ordinary care to secure the horse, both as to tying it in the stall and locking the barn doors, knowing that if the horse left the barn it had access to a busy highway. McCarroll was in a superior position to foresee that injury to others could result from the escape of the horse.

We believe that the 70–10 percent apportionment of the causal negligence is grossly disproportionate and that the defendant Deutsch should be awarded a new trial in the interest of justice pursuant to sec. 251.09, Stats.

Because no issues have been presented as to the negligence and the damages of the plaintiff-respondent Leo Henricksen, the new trial will be limited to a finding of causal negligence between the defendant-appellant Deutsch and the defendant-respondent Donald McCarroll. In the verdict to be submitted the trial court will find the plaintiff Leo Henricksen 20 percent causally negligent and will find the damages as heretofore determined.

*By the Court.*—Judgment reversed and a new trial ordered consistent with the opinion. Defendant-appellant Deutsch to be awarded costs as against the defendant-respondent Donald McCarroll, and plaintiff-respondent Leo Henricksen to be awarded costs as against defendant-appellant Deutsch.

HALLOWS, C. J. (*concurring in part*). This case is another example of why this court, instead of reversing in the interest of justice under sec. 251.09, Stats., when it finds the apportionment of causal negligence grossly disproportionate, should find error on the part of the jury on the ground the determination is contrary to the evidence. If error were found, this court could determine the apportionment of negligence and grant an option under the *Powers* rule and thus possibly avoid a new trial on the apportionment issue. This court with increasing frequency is setting aside apportionments of negligence in the interest of justice and it is time to extend the *Powers* rule to apportionment. At least the rule could apply to those situations in which the court could not find as a matter of law that the negligence of the plaintiff equaled that of the defendant. But even in those situations I would abolish the outmoded and arbitrary rule which prevents a plaintiff from recovering when his

negligence equals or exceeds that of a person against whom recovery is sought. *See Lawver v. Parks Falls* (1967), 35 Wis. 2d 308, 151 N. W. 2d 68; *Pruss v. Strube* (1968), 37 Wis. 2d 539, 155 N. W. 2d 650.