TUSCHEL (Leon, Sr.), Special Administrator of the Estate of Leon Tuschel, Jr., Respondent, v. HAASCH and others, Appellants.

No. 76. *Argued February 3, 1970.—Decided March 3, 1970.*
(Also reported in 174 N. W. 2d 497.)

For the appellants there was a brief by *Staub & Lemke*, attorneys, and *John A. Hamell, Jr.*, of counsel, all of Milwaukee, and oral argument by *Mr. Hamell*.

For the respondent there was a brief by *Sabrowsky, Raasch, Reidenbach & Miller* and *Gerard B. Skibinski*, attorneys, and *Stephen R. Miller* of counsel, all of Milwaukee, and oral argument by *Stephen R. Miller*.

HANLEY, J.   The issues raised by this appeal and cross appeal are:

(1) Did the trial court sufficiently state its reasons for granting a new trial as is required by sec. 270.49 (2), Stats.;

(2) Did the trial court abuse its discretion in granting a new trial; and

(3) Did the trial court err in not changing answers in the special verdict as requested by the plaintiff?

*Sufficiency of Expression.*

It is the defendants' position that the trial court's order failed to specify sufficiently its grounds for granting a new trial and that such order is therefore invalid.[1] According to sec. 270.49 (1), Stats., a new trial can be ordered on any of four grounds:

(1) Errors in the trial;

(2) Verdict contrary to law or evidence;

(3) Excessive or inadequate damages; and/or

(4) In the interest of justice.

This court has noted that except in cases where a new trial is granted in the interest of justice, a statement of the statutory grounds is sufficient. *Leatherman v. Garza* (1968), 39 Wis. 2d 378, 386, 159 N. W. 2d 18; *State v. La Fernier* (1967), 37 Wis. 2d 365, 371, 155 N. W. 2d 93. However, where a new trial is granted in the interest of justice greater specificity is required so that the trial court's action can be effectively reviewed. *Loomans v. Milwaukee Mut. Ins. Co.* (1968), 38 Wis. 2d 656, 662, 158 N. W. 2d 318.

"How detailed the reasons set forth in the order must be varies in accordance with the reasons, but the statute contemplates more than a statement of an ultimate conclusion. Where the verdict is against the great weight and clear preponderance of the evidence, the order should

---

[1] Sec. 270.49 (2), Stats.: "Every order granting a new trial shall specify the grounds therefor. In the absence of such specification, the order shall be deemed granted for error on the trial. No order granting a new trial in the interest of justice shall be valid or effective, unless the reasons that prompted the court to make such order are set forth in detail therein or the memorandum decision setting forth such reasons is incorporated by reference in such order. The court may grant or deny costs to either party."

136

recite or the incorporated opinion should contain the subsidiary reasons and basis for the general statement. *Bair v. Staats* (1960), 10 Wis. 2d 70, 102 N. W. 2d 267." *Loomans v. Milwaukee Mut. Ins. Co., supra,* at page 661.

In the instant case the trial court's order read:

". . . the court [is] convinced that justice has not been done, and that the verdict must be set aside and a new trial ordered in the interest of justice because the verdict is against the great weight of evidence."

The only subsidiary reason set forth by the court was contained in its decision which was incorporated into the order by reference. In pertinent part such decision read:

"The court normally would grant the motion on the verdict, but the court feels in the instant case, taking all of the testimony into consideration, and particularly that of the witness [Kenneth J. Werner] who did not testify before the jury, but only by deposition, that it would be a miscarriage of justice not to have a new trial on the merits."

This court must determine whether the trial court has fulfilled the mandate of *Loomans v. Milwaukee Mut. Ins. Co., supra,* at page 662, and sufficiently set forth subsidiary reasons for its conclusion that the jury's findings were against the great weight and clear preponderance of the evidence. If it has not, its order granting a new trial in the interest of justice is void.

Numerous cases have held a new trial may be granted in the interest of justice when jury findings are contrary to the great weight of the evidence. *See: Leatherman v. Garza, supra; Spath v. Sereda* (1969), 41 Wis. 2d 448, 452, 164 N. W. 2d 246, and cases cited therein. However, the plaintiff contends the mere statement that *the jury's finding was against the great weight of the evidence* constitutes a sufficient statement of "subsidiary" reasons for granting a new trial in the interest of justice. In support of this contention he relies on the following lan-

guage [2] from *Guptill v. Roemer* (1955), 269 Wis. 12, 20, 20a, 68 N. W. 2d 579, 69 N. W. 2d 571:

"The formal order granting a new trial from which the appeal herein was taken stated that the grounds for so ordering were 'that the verdict is against the great weight and preponderance of the evidence, and in the interests of justice.' It would have been preferable if the order had stated that the new trial was being ordered in the interest of justice because the verdict was against the great weight of the evidence, for standing alone, the fact that a verdict is against the great weight of the evidence is not a ground for a new trial. . . ."

We think that such statement constitutes an ultimate conclusion and does not allow this court to effectively review the trial court's order. In *Loomans v. Milwaukee Mut. Ins. Co.*, *supra*, at page 661, this court noted:

". . . the mere statement in an order that the verdict is against the great weight and clear preponderance of the evidence does not state in sufficient detail the reasons and this is true whether the statement is made generally of the verdict or of a single question in the special verdict. . . ."

We conclude that, despite the ambiguity of *Guptill*, the mere combining of such statement with the statement that "a new trial [must be] ordered in the interest of justice" does not fulfill the mandate of sec. 270.49 (2), Stats., as interpreted by *Loomans v. Milwaukee Mut. Ins. Co.*, *supra*. For an example of specificity sufficient to allow review by this court, *see Hillstead v. Shaw* (1967), 34 Wis. 2d 643, 150 N. W. 2d 313. There the trial court indicated that the jury's proportionment of negligence was unsupported by the evidence because the defendant violated two safety statutes and because the defendant's testimony as to how the accident occurred was impeached by his own testimony, by testimony of the investigating officer and by the very location of the plaintiff's vehicle.

[2] This language was later quoted in *McPhillips v. Blomgren* (1966), 30 Wis. 2d 134, 144, 140 N. W. 2d 267.

## Exercise of This Court's Discretion to Grant a New Trial.

In a situation as presented here, where the trial court has determined that a new trial should be had in the interest of justice, but the court's decision or order for a new trial is ineffective because of failure to comply with the requirements of sec. 270.49, Stats., this court will review the record to determine whether it should exercise its discretion, under sec. 251.09, to order a new trial in the interest of justice.

We find it unnecessary to pass on the question of whether there would have been an abuse of discretion on the part of the trial court directing a new trial in the interest of justice, if a proper order complying with sec. 270.49 (2), Stats., had been entered. For the purposes of our decision we will assume that there would have been none.

". . . However, this court should not exercise its independent discretion to direct a new trial in every instance where we would be compelled to find no abuse of discretion on the part of the trial court in attempting to direct a new trial in the interest of justice, but in which the order is found to be defective for noncompliance with sec. 270.49 (2). Our discretionary power in this respect should be sparingly employed, and ought not to be invoked except in a situation where we are convinced that there has been a probable miscarriage of justice if the jury's verdict were permitted to stand. . . ." *Cary v. Klabunde* (1961), 12 Wis. 2d 267, 270, 271, 107 N. W. 2d 142.

We will restate such of the testimony as tends to support the verdict. The testimony of the eyewitness Dr. Sproule clearly established that the deceased was running faster than the truck was proceeding and was west of the crosswalk at the time of impact.

Defendant Haasch testified that when he passed the west line of the west crosswalk on Kilbourn avenue, he saw a flash to his left.

The testimony of these witnesses is substantiated by that of the police officer Raymond Banach who investigated the accident. He testified the truck's skid marks commenced 11 feet 9 inches west of the crosswalk and extended a distance of 12 feet 5 inches in length.

The above testimony is not incredible and apparently was believed by the jury. The testimony supports the jury's finding that defendant Haasch did not fail to yield the right-of-way to the pedestrians. It does, however, support the jury's finding that deceased was negligent in failing to exercise due care for his own safety.

The special verdict inquired specifically as to the negligence of the defendant driver but contained only a general question as to the negligence of the deceased. Under the evidence adduced, the negligence of the deceased as found by the jury could reasonably include negligence as to lookout, failing to yield the right-of-way to defendant Haasch and the manner in which the pedestrians were crossing the street.

The trial court in its memorandum decision does not state that the testimony was incredible, nor does it state any other reason which would show that the testimony resulted in error which would require a new trial.

Counsel for plaintiff contends defendant driver was negligent in violating the safety statute, sec. 346.34(1),[3] Stats. We do not agree. The uncontroverted testimony is

---

[3] "TURNING. No person shall turn a vehicle at an intersection unless the vehicle is in proper position upon the roadway as required in s. 346.31, or turn a vehicle to enter a private road or driveway unless the vehicle is in proper position on the roadway as required in s. 346.32, or otherwise turn a vehicle from a direct course or move right or left upon a roadway unless and until such movement can be made with reasonable safety. In the event any other traffic may be affected by such movement, no person shall so turn any vehicle without giving an appropriate signal in the manner provided in s. 346.35. Such signal shall be given continuously during not less than the last 100 feet traveled by the vehicle before turning."

that the defendant Haasch put on his left-turn signal when he started around the parked bus and that when he was at the rear of the bus, he put on his right-turn signal. Under the circumstances, it was impossible to give a right-turn signal for a distance of 100 feet, the parked bus being 20 to 30 feet north of the north curb of Kilbourn avenue.

We are not convinced that the jury's verdict constitutes such a miscarriage of justice that we should invoke our discretionary power under sec. 251.09, Stats., to order a new trial.

### Refusal to Change Answers.

On cross appeal the plaintiff contends that the trial court should have changed several answers so as to find Haasch causally negligent for failing to yield the right-of-way and for failing to give proper turn signals. With reference to changing a jury's answer and ruling as a matter of law, this court has indicated that if there is any credible evidence to support the jury's findings, neither the trial court nor this court has authority to change such findings. *Leatherman v. Garza, supra,* and cases cited therein. It is in light of this test that the plaintiff's contentions must be viewed. As to the deceased's right-of-way, it is the undisputed testimony of Kenneth J. Werner that the light directing traffic on Third street was green when he and the deceased began crossing Kilbourn avenue. This was substantiated by Dr. Sproule who testified that the walk light was on when the defendant's truck made its turn. Since there is testimony that the deceased was walking in the crosswalk when he began crossing Kilbourn avenue, the plaintiff urges this court to rule as a matter of law that Haasch failed to yield the right-of-way. Plaintiff contends that although the right-of-way instruction was

given in accordance with sec. 346.23,[4] Stats., the jury erroneously failed to find Haasch negligent as to yielding the right-of-way.

Despite the fact that the jury could have found defendant Haasch negligent as to right-of-way, there was testimony by Dr. Sproule and Haasch which justified its refusal to do so.

Although the plaintiff argues that the deceased was struck while in the crosswalk and thrown out of the crosswalk, the police officer who investigated the accident testified that the truck's skid marks started approximately 11 feet 9 inches west of the west line of the crosswalk. Under such circumstances the jury was not required to accept the plaintiff's theory.

As to the plaintiff's argument that since the deceased was running to escape the truck, his leaving the crosswalk should not cause him to lose his right-of-way, it need only be stated that such argument assumes that such was the reason for leaving the crosswalk. The jury, how-

---

[4] "Crossing controlled intersection or crosswalk. (1) At an intersection or crosswalk where traffic is controlled by traffic control signals or by a traffic officer, the operator of a vehicle shall yield the right of way to a pedestrian crossing or who has started to cross the highway on a green or "WALK" signal and in all other cases pedestrians shall yield the right of way to vehicles lawfully proceeding directly ahead on a green signal. The rules stated in this subsection are modified at intersections or crosswalks on divided highways or highways provided with safety zones in the manner and to the extent stated in sub. (2).

"(2) At intersections or crosswalks on divided highways or highways provided with safety zones where traffic is controlled by traffic control signals or by a traffic officer, the operator of a vehicle shall yield the right of way to a pedestrian who is crossing or has started to cross the roadway either from the near curb or shoulder or from the center dividing strip or safety zone with green or "WALK" signal in his favor but when the signal turns against the pedestrian before he leaves the center dividing space or safety island, he shall yield the right of way to vehicles lawfully proceeding directly ahead on a green signal."

142

ever, apparently believed that the deceased had left the crosswalk before seeing the oncoming truck. Testimony by both Dr. Sproule and the investigating officer justified such a conclusion.

With reference to the jury's failure to find Haasch negligent as to giving a turn signal, if we were to assume it was a violation, the court was not required to find such negligence was causal as a matter of law.

We think the issue was one of credibility for the jury, and the trial court was correct in not changing the answers in the verdict.

We conclude the order of the trial court granting a new trial in the interest of justice must be reversed for failure to set forth sufficient particularity the reasons for ordering a new trial.

*By the Court.*—The order appealed from is reversed and the cause remanded with directions to enter judgment upon the verdict as returned by the jury, in favor of the defendant against the plaintiff. Plaintiff's cross appeal is dismissed.